PEOPLE *v.* JONES.

1. RAPE—LESSER OFFENSES—REQUESTED INSTRUCTIONS.
   Upon trial for rape it would be error for court to refuse to give proper requested instructions as to lesser offenses included in crime charged (3 Comp. Laws 1929, § 17325).

2. CRIMINAL LAW—LESSER OFFENSES—REQUESTED INSTRUCTIONS.
   Failure of court to instruct jury on any point of law, including matter of propriety of convicting accused of a lesser offense included in the charge, is not ground for setting aside verdict of jury in absence of request for such instruction by the accused (3 Comp. Laws 1929, § 17322).

3. RAPE—LESSER OFFENSES—INSTRUCTIONS.
   In trial on charge of common-law rape where intercourse was admitted, instruction that jury must convict accused of such charge or acquit him altogether *held*, reversible error, since statute authorizes jury to find an accused guilty of a lesser offense included within crime charged (3 Comp. Laws 1929, § 17325).

Appeal from Recorder's Court for the City of Detroit; Gordon (Arthur E.), J. Submitted October 18, 1935. (Docket No. 140, Calendar No. 38,631.) Decided November 12, 1935.

Willie Lee Jones was convicted of rape. Reversed, and new trial granted.

*Samuel H. Goldfine* (*Maurice D. Smilay,* of counsel), for appellant.

*Harry S. Toy,* Attorney General, and *Edmund E. Shepherd,* Assistant Attorney General, for the people.

FEAD, J. Plaintiff was convicted of common-law rape upon a woman, 21 years of age, and sentenced to a term of 20 to 40 years in prison.

The people's claim is that about 1:30 o'clock in the morning of September 28, 1934, four men in an automobile accosted the complaining witness, dragged her into the car, took her by force to a room in an apartment hotel, defendant was in the room and, while two of them, Louis Shermataro and Nate Simmons, held her, defendant criminally assaulted her, as did the others afterward.

Defendant's claim is that the complaining witness came voluntarily to his room between 1:30 and 2 o'clock with Nate Simmons, defendant and Shermataro then being in the room; the other men left for a few minutes and, during their absence, defendant and complainant cohabited with her full consent.

Defendant contends the charge of the court generally was inadequate to protect his rights; and particularly contained reversible error in the following instruction:

"In the ordinary rape case, there are several lesser offenses included in the major charge, but that is not the fact in this case. There is only one of them here under the testimony that can possibly have anything—any bearing, and that is rape, because there is no argument about there having been a sexual intercourse, nothing else is involved, and you may bring in only one of two verdicts, guilty as charged, or not guilty."

The complaint is that the court did not charge upon the lesser offenses of assault with intent to commit the crime of rape and assault and battery, included in the major offense, although no request for such instruction was made by defendant. Upon request for such instruction it would have been error to refuse it. 3 Comp. Laws 1929, § 17325. However:

"The failure of the court to instruct on any point of law shall not be ground for setting aside the ver-

dict of the jury unless such instruction is requested by the accused.'' 3 Comp. Laws 1929, § 17322.

The duty of a court to instruct upon the lesser offenses included in a charge of rape has been the subject of some confusion in this State. In *People* v. *Allie,* 216 Mich. 133, the court recognized the confusion, considered all the cases relied on by counsel here, modified and, in effect, overruled some of them and established the rule that, in the absence of request to charge, the court does not err in failing to instruct upon the included offenses. The rule was followed in *People* v. *Collins,* 216 Mich. 541, where, in a charge of murder, the court failed to instruct upon manslaughter; in *People* v. *Manchester,* 235 Mich. 594, in a charge of rape, in mentioning but not defining the included offenses of assault with intent to rape and assault and battery; and in *People* v. *Burk,* 238 Mich. 485, in failing to specifically instruct the jury that they might find the defendant not guilty.

The same rule applies to the general charge. If specific instruction upon outcry or other matter had been desired, it should have been requested.

However, the rule does not excuse improper instructions. Here the court did more than fail to charge upon the included offenses. It affirmatively excluded them from the consideration of the jury. This was error because, under 3 Comp. Laws 1929, § 17325, the jury was authorized to find the defendant guilty of a lesser offense than rape.

Reversed, with new trial.

POTTER, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred. NELSON SHARPE, J., did not sit.