PEOPLE v. HEARN.

1. HOMICIDE—INSTRUCTIONS—TEMPORARY INSANITY.
Defendant in prosecution for first-degree murder, committed while he and 3 companions robbed a gasoline station, in which the defense of temporary insanity, due to consumption of alcohol and marijuana, was interposed, *held*, to have been fully protected by complete and proper charge to jury.

REFERENCES FOR POINTS IN HEADNOTES
[1] 26 Am Jur, Homicide § 546.
[2, 4] 26 Am Jur, Homicide § 554.
[3] 53 Am Jur, Trial § 639.

2. SAME—FIRST-DEGREE MURDER—INCLUDED OFFENSES—INSTRUCTION.
   A defendant in prosecution for murder in the first degree, committed while perpetrating a robbery, was not entitled to have instruction given that would permit jury to find him guilty of lesser offenses of second-degree murder or manslaughter, where there was no evidence from which a reasonable inference of any other degree of murder could be drawn (CL 1948, § 750.316).

3. CRIMINAL LAW—INSTRUCTIONS—REQUEST TO CHARGE.
   The Supreme Court can and should reverse when the charge to the jury in a prosecution for crime omits a legally essential ingredient, even though no request or only an oral request to charge was made.

4. HOMICIDE—INSTRUCTIONS—INCLUDED OFFENSES.
   There was no reversible error committed by trial court in prosecution for first-degree murder, committed in the perpetration of robbery, in failing to charge as to included offenses, where there was a total absence of evidence to support the theory that defendant was guilty of the included offenses rather than murder in the first degree (CL 1948, § 750.316).

Appeal from Oakland; Doty (Frank L.), J. Submitted June 12, 1958. (Docket No. 46, Calendar No. 46,957.) Decided December 2, 1958.

Robert Hearn was convicted of first-degree murder. Affirmed.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, *Frederick C. Ziem,* Prosecuting Attorney, *George F. Taylor* and *Jack Hanna,* Assistant Prosecuting Attorneys, for the people.

*Edward N. Barnard* and *Crossley, Robbins & Bailey,* for defendant.

KELLY, J. While perpetrating a robbery at a Ferndale gasoline station defendant Hearn beat, stabbed and mortally wounded the station attendant. A jury found defendant, and 3 others who partici-

pated in the robbery, guilty of first-degree murder.* This is defendant Hearn's separate appeal, and the other defendants are not appealing.

The information contained one count, alleging that defendant feloniously, wilfully and with malice aforethought did kill and murder one Alfred Jones (the gasoline station attendant). Only one question is presented in this appeal: "Did not the court err in refusing to charge as to included offenses, as orally requested, and in excluding consideration of the lesser offenses from the jury?"

Defendant did not deny that his acts of beating and stabbing caused the attendant's death, but relied upon the defense of temporary insanity, claiming he did not know what he was doing because of his consumption of alcohol and marijuana. Conflicting testimony on this question included medical testimony.

An examination of the court's charge to the jury discloses that the jury was completely and properly instructed and defendant fully protected, as shown by the following instruction:

"Now, the defense in this case is marijuana and alcohol, either one or both, or a combination. The defense claims that because of its use that the respondents in this case did not know what they were doing or why they were doing it and consequently could not form an intent to rob and didn't know the difference between right and wrong. Now, these are questions for you to decide upon after you reach the jury room.   *   *   *

. "If their mental faculties were so far overcome by the use of marijuana and liquor that they were not conscious of what they were doing, or if they knew what they were doing but did not know why they were doing it, or that their actions and the means they were using were naturally adapted to

---

* See CL 1948, § 750.316 (Stat Ann 1954 Rev § 28.548).—REPORTER.

produce death, then they had not the capacity to entertain the intent and, in such case, intent could not be inferred from their actions. * * * This question of intent and common purpose to rob a gasoline station is a question of fact for you to determine after considering the acts before the commission of the crime and afterwards, and bearing upon the question of whether or not they knew what they were doing. Take into consideration all the testimony bearing upon that question. * * *

"You cannot convict unless you find intent to commit the crime of robbery. You don't have to find intent to kill, but you do have to find intent to commit the crime of robbery. If you don't find that intent, of course the respondents are not guilty. If you do find it, then there is another question for you to pass on. You must find intent to commit the crime of robbery, felonious intent, before you can convict of first-degree murder."

Appellant claims the jurors should have had the right to select between first- and second-degree murder and manslaughter.

This Court passed upon a similar claim in *People v. Utter,* 217 Mich 74, where the defendant was charged with statutory murder committed in the perpetration of a robbery and where defendant claimed the trial judge erred in instructing the jury that their verdict should be murder in the first degree or not guilty. At pages 87, 88, the Court stated:

"In *State* v. *Zeller,* 77 NJL 619 (73 A 498) defendant was charged with murder while perpetrating robbery under a like statute with ours. A statute of that State also provided as here that if the jury found the accused guilty of murder they should ascertain the degree. In a well-reasoned opinion it was held that the latter provision did not give a defendant the right to have the court leave it to the jury to find him guilty of a lesser degree

if there was no reasonable ground for such verdict in the evidence, saying in part (p 621):

" 'Our statute declares that murder committed in the perpetration or attempt to perpetrate a robbery is murder in the first degree. All the evidence that tended to implicate Zeller in the murder of William Read (including Zeller's own confession) tended to show that the murder was committed in the perpetration of a robbery. All the circumstances of the homicide bore a similar import as to the character of the crime. If under the evidence, Zeller was guilty at all, he was guilty of a murder committed in the perpetration of a robbery. The charge of the trial judge upon this question was therefore entirely proper.'

"In *People* v. *Schleiman*, 197 NY 383 (90 NE 950, 27 LRA NS 1075, 18 Ann Cas 588), defendant was convicted, under a similar statute, of murder while perpetrating burglary. The court there held (p 390) that under such a statutory charge, with the proofs limited to it,—

" 'There was no room for the exercise of a power to find the defendant guilty of a lesser degree of felonious homicide depending upon the existence or nonexistence of deliberation and premeditation. Hence, the learned trial judge committed no error in refusing to charge in reference to the various degrees of crime in this case or in instructing the jury that they must find the defendant guilty of murder in the first degree, or not guilty.'

"In *Essery* v. *State*, 72 Tex Crim 414, 418 (163 SW 17), the proposition is tritely stated as follows:

" 'When the code said that murder committed in a certain way was murder of the first degree, the law so makes it, and the jury by their verdict could not find otherwise.'

"While the authorities in other jurisdictions are not entirely harmonious upon this question we think sound reasoning supports the foregoing views, to which this court is in effect committed. Defendant was charged with statutory murder, committed by

acts and under circumstances declared by statutory definition to constitute murder in the first degree, to which the testimony was confined with no evidence from which a reasonable inference of any other degree could be drawn. He was entitled to acquittal if the charged murder in the first degree was not proven to the satisfaction of the jury. Under the testimony in this case the court committed no error in instructing the jury that their verdict should be murder in the first degree, or not guilty."

In *People* v. *Andrus,* 331 Mich 535, 542, 547, this Court said:

"On behalf of defendants it is contended that the court erred in permitting the jury to return a verdict of guilty of manslaughter, on the theory that the proofs indicated that the homicide was, under the statute, murder in the first degree because committed in the perpetration or attempt to perpetrate a robbery. It is argued, in substance, that the jury should have been instructed to return a verdict of either murder in the first degree or not guilty. * * * On the factual situation presented it cannot be said that the verdict of the jury was rendered without a proper basis therefor. See *People* v. *Droste,* 160 Mich 66. Appellants' claim that the verdict and sentences should be vacated for such reason is without merit."

In *People* v. *Droste*, 160 Mich 66, this Court held that the trial court properly refused to charge that the respondent must be found guilty of murder or was innocent, when the evidence supported the theory that the crime may have been committed in the heat of passion while respondent was under the influence of liquor, and constituted manslaughter.

We are in accord with appellant's contention that this Court can and should reverse when the charge to the jury omits a legally essential ingredient, even though no request to charge was made by defendant. See *People* v. *Guillett,* 342 Mich 1.

The fact that defendant's request to instruct was orally made and not in writing is not of any controlling importance to this Court in this appeal.

Appellant claims that because the court declined to charge on a very important issue in the case "an injustice may very well have resulted." Appellant cannot charge that an injustice resulted, because it is apparent that the jury which found defendant guilty of first-degree murder could also have refused to reduce the crime to second-degree or manslaughter, even though the court had granted that privilege to the jury. The record does not sustain appellant's contention that "there was ample ground for the jury to find the defendant guilty on one of the included offenses."

There were no reasonable grounds for the jury to find defendant guilty of a lesser degree, and there was a total absence of evidence to support the theory that defendant was guilty of the included offenses rather than murder in the first degree.

Affirmed.

DETHMERS, C. J., and CARR, SMITH, BLACK, and VOELKER, JJ., concurred.

EDWARDS and KAVANAGH, JJ., did not sit.