PEOPLE *v.* PARY

PEOPLE *v.* BALLOR

1. CRIMINAL LAW—FORCIBLE RAPE—INCLUDED OFFENSE.
   Assault with intent to commit rape, assault and battery, and simple assault are all included offenses in the charge of forcible rape (CLS 1961, § 750.520).

2. SAME—FORCIBLE RAPE—EXCLUSION OF INCLUDED OFFENSES—INSTRUCTIONS TO JURY.
   Affirmative statement by trial judge during his charge to the jury that there were no included offenses in the charge of forcible rape *held,* reversible error even though there was no request at trial for an instruction on included offenses.

Appeal from Macomb, Gallagher (Edward J.), J. Submitted Division 2 November 13, 1968, at Lansing. (Docket Nos. 3,739 & 4,107.) Decided November 26, 1968.

George Pary and Anthony John Ballor were convicted of forcible rape. Defendants appeal. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Stephen S. Osinski,* Assistant Prosecuting Attorney, for the people.

*Donald M. Barton,* for defendants.

REFERENCES FOR POINTS IN HEADNOTES
[1] 44 Am Jur, Rape § 124.
[2] 53 Am Jur, Trial § 776 *et seq.*

Per Curiam. Defendants were convicted of forcible rape.* Testimony at trial varied, the complaining witness stating that they forced their way into her home, the defendants saying she let them in, and the question ultimately resolved itself into one of consent.

The main contention on appeal, and the one which is dispositive, is the failure of the trial judge to instruct the jury on lesser included offenses. His charge included the following: "There are no included offenses, you either convict or you acquit."

This Court in *People* v. *McKee* (1967), 7 Mich App 296, delineated the included offenses in a rape charge to be (1) assault with intent to commit rape; (2) assault and battery; (3) simple assault.

On the authority of *People* v. *Jones* (1935), 273 Mich 430, defendants here were entitled to an instruction on lesser included offenses, despite failure of defense counsel to request such an instruction. Here, as in *Jones,* we find an affirmative exclusion of lesser included offenses, and in light of this, the conviction cannot stand.

Reversed and remanded for new trial.

Fitzgerald, P. J., and R. B. Burns and Robinson, JJ., concurred.

---

* CLS 1961, § 750.520 (Stat Ann 1954 Rev § 28.788).