PEOPLE *v.* SCHUMACHER

1. CONSTITUTIONAL LAW—PRE-TRIAL IDENTIFICATION—TIMELY OBJECTION—APPEAL AND ERROR—BURDEN OF PROOF.

   Failure to object at trial to a pre-trial identification procedure does not preclude appellate review of an alleged violation of a constitutional right; failure to object does eliminate the necessity for the prosecuting attorney to establish by clear and convincing evidence that the in-court identification was based on observation of the suspect not connected with the identification procedures under attack.

2. CONSTITUTIONAL LAW—PRE-TRIAL IDENTIFICATION—UNCONSTITUTIONAL PROCEDURE—SEPARATE SOURCE OF IDENTIFICATION.

   Reversible error did not occur even assuming that constitutional standards were not met in a pre-trial photographic identification procedure by showing the complainant four or five photographs where two were of the defendant and by allowing the complainant to view defendant alone through a one-way mirror when the defendant was without counsel and had not waived his right to counsel where immediately after the offense with which the defendant was charged and prior to any identification, the complainant described the criminal

———

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 574.
   Admissibility of evidence as to extrajudicial or pretrial identification of accused. 71 ALR2d 449.
[2] 21 Am Jur 2d, Criminal Law §§ 368, 369.

as walking with a limp and wearing a tan jacket and the defendant admitted being near the scene of crime when the crime was committed, walking with a limp, and wearing a tan jacket on the night of the crime because the in-court identification of the defendant was not connected with the erroneous procedures.

Appeal from Macomb, Frank E. Jeannette, J. Submitted Division 2 January 7, 1971, at Lansing. (Docket No. 8418.)  Decided January 20, 1971.  Remanded to trial court with instructions by Supreme Court April 20, 1971.  384 Mich 831.

Robert Schumacher was convicted of felonious assault.  Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Don L. Milbourn,* Assistant Prosecuting Attorney, for the people.

*Robert T. Wall,* for defendant on appeal.

Before:  QUINN, P. J., and BRONSON and O'HARA,* JJ.

QUINN, P. J.  June 11, 1969, a jury pronounced defendant guilty of assault with a deadly weapon.[1] He was sentenced and he appeals on the basis of unfair and prejudicial identification procedures and improper statements by police officers relating defendant to prior minor contacts with the police.

With respect to the latter assertion of error, it was not preserved for review, since there was no objection at trial.  *People* v. *Ridley* (1967), 8 Mich App 549.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA § 750.82 (Stat Ann 1962 Rev § 28.277).

The identification procedures complained of involve four or five photographs shown to the complaining witness for identification purposes, two of which were of defendant. The other procedure was a single confrontation, complaining witness viewing defendant alone through a one-way mirror. Defendant was not represented by counsel at the latter identification nor does the record disclose a waiver of his right to counsel. Defendant made no objection at trial to the identification procedures now urged as basis for appellate relief. However, failure to object at trial does not preclude appellate review of an alleged violation of constitutional rights. *People v. Limon* (1966), 4 Mich App 440. Failure to object does eliminate the necessity for the prosecuting attorney to establish by clear and convincing evidence that the in-court identification was based on observation of the suspect not connected with the identification procedures under attack. *People v. Hutton* (1970), 21 Mich App 312, 325.

We may assume that the photographic identification does not meet the standards of *Simmons v. United States* (1968), 390 US 377 (88 S Ct 967, 19 L Ed 2d 1247), and that the single confrontation does not meet the requirements of *Stovall v. Denno* (1967), 388 US 293 (87 S Ct 1967, 18 L Ed 2d 1199). The failure of the record to disclose a waiver of right to counsel at lineup violates *United States v. Wade* (1967), 388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149). Singly or combined these errors do not constitute basis for reversal on this record.

Immediately after the offense and prior to any identification, the complaining witness described her assailant as wearing a tan jacket and walking with a slight limp. Defendant admits being in the area of the assault the night it occurred, that he was wearing a tan jacket and that he walks with a limp. The

record demonstrates in-court identification from observation not connected with the erroneous procedures asserted as grounds for reversal.

Affirmed.

All concurred.