PEOPLE *v.* CHARLES WILLIAMS

OPINION OF THE COURT

1. CRIMINAL LAW—IDENTIFICATION TESTIMONY—CREDIBILITY.

The credibility of the complainant's identification of the defendant as one of the robbers was a question for the trier of fact where the complainant was unable to recall, on cross-examination, whether the robber, whose unmasked face she had seen for several seconds during the robbery; had a beard, or a moustache, or a goatee, the defendant and another defense witness had testified that the defendant had a beard or goatee at the time the crime was committed, and the defense had contended that the identification was tainted by a conversation after the robbery with another person who had said that the robber resembled the defendant.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—INCLUDED OFFENSES—AFFIRMATIVE EXCLUSION.

An instruction to the jury which affirmatively excludes lesser included offenses does not constitute reversible error where the record shows that defense counsel agreed with the trial court that there were no included offenses and additionally said that a statement covering included offenses would be inconsistent with the theory of the defense; an affirmative exclusion of that which neither litigant wishes the jury to consider does not require reversal or a new trial.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Witnesses § 860 *et seq.*
29 Am Jur 2d, Evidence § 367 *et seq.*
[2, 3] 21 Am Jur 2d, Criminal Law § 185 *et seq.*

3. CRIMINAL LAW—INCLUDED OFFENSES—INSTRUCTIONS TO JURY—
AFFIRMATIVE EXCLUSION.

*An instruction to the jury cannot affirmatively exclude from
the jury's consideration lesser included offenses, even though
defense counsel tried the case on an alibi defense and stated
to the court that a statement covering any included offenses
would not be consistent with the defense.*

Appeal from Berrien, Karl F. Zick, J. Submitted Division 1 May 5, 1971, at Grand Rapids. (Docket No. 8194.) Decided October 1, 1971. Leave to appeal denied, 386 Mich 783.

Charles Williams was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ronald J. Taylor,* Prosecuting Attorney, and *John A. Smietanka,* Assistant Prosecuting Attorney, for the people.

*Harry J. Creager,* for defendant on appeal.

Before: R. B. BURNS, P. J., and HOLBROOK and LEVIN, JJ.

LEVIN, J. The defendant, Charles Williams, was convicted by a jury of the offense of armed robbery. MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28-.797). He appeals claiming that the evidence against him was insufficient and that the court erred in failing to charge on included offenses.

I.

Four masked bandits carrying revolvers held up a grocery store. The wife of the owner testified that during the course of the robbery the mask of

one of the robbers slipped, allowing her to view his face uncovered for several seconds. She identified the defendant as that robber.

A cashier who had known the defendant for more than ten years testified that while she had mentioned to the owner's wife after the robbery that one of the robbers resembled the defendant, she was unable to state definitely that the defendant was involved in the crime.

The other witnesses were unable to recognize the defendant.

The defendant and the woman with whom he was living testified in support of an alibi. They also testified that the defendant was wearing a goatee or beard when the crime was committed. On cross-examination, the owner's wife did not recall the robber she identified as the defendant having a goatee or beard or a moustache.

The defendant contends that the testimony of the owner's wife, which was the only positive identification testimony, is insufficient to convict because she was unable on cross-examination to recall whether the robber she identified as the defendant wore a moustache, goatee or beard and because her identification was influenced by the statement of the cashier shortly after the crime was committed that one of the robbers "resembled" the defendant.

The evidence that the defendant was wearing a goatee or beard at the time the offense was committed was presented through the testimony of the defendant and the woman with whom he was living, clearly interested witnesses. It was for the jury, as the trier of fact, to decide whether to credit or reject the identification testimony of the owner's wife; whether it was accurate and based on what she saw at the time the robbery was committed or

whether it was prompted by the conversation she had with the cashier following the robbery.

## II.

In *People* v. *Lemmons* (1970), 384 Mich 1, as here, the defendant was convicted of armed robbery and the defense was alibi. Lemmons' conviction was reversed by the Michigan Supreme Court because the trial judge not only failed to instruct on included offenses, but affirmatively excluded consideration by the jury of included offenses.

The judge in *Lemmons* had instructed the jury as follows:

"There are only two possible verdicts as to each defendant. You may find the defendant, naming them individually, guilty of robbery armed or not guilty. *There are no included offenses.*" (Emphasis supplied.) *Lemmons, supra,* p 2.

The Supreme Court ruled that the affirmative exclusion by the judge of included offenses was an "improper instruction" requiring reversal and a new trial even though Lemmons' lawyer had made no request that the jury be instructed on included offenses.

While the trial judge in this case also affirmatively excluded included offenses,[1] we do not think we are

---

[1] He advised the jury:

"Now, I don't have to give you, members of the jury, in this case any instruction on automatic included offenses, which we have in so many cases. Why? Because in this case, due to the fact that the defense attorney is conceding and has conceded that there was a robbery armed—although he claims the defendant was not a participant—and in view of the nature of his defense, a denial plus an alibi defense—that he was not there—and in view of all of the undisputed evidence we have heard regarding the incident that happened at the Simmons Grocery that night, it is either a case of robbery armed, or nothing. There are no included offenses because of the circumstances in this case. Lots of times in cases of this type we have included offenses of robbery unarmed, where it is not clear that the robber had a gun."

obliged to reverse or that we would be justified in reversing and granting a new trial to the defendant Williams on that ground. In this case, in contrast with *Lemmons,* the defendant's lawyer made it clear that he did not expect the court to charge on included offenses:

"*The Court:* Now, Mr. Creager, if I understand correctly, from talking with you before, keeping in mind your defense is alibi, plus the general denial that he was not there and never had been in the store, do you maintain there are any included offenses in this charge?

"*Mr. Creager:* No, because of the nature of the defense, there are no included offenses.

"*The Court:* In other words, due to the nature of the offense and the evidence as to what happened in the store—not by your man—the court understands you are conceding that there was a robbery armed committed by three or four persons, right?

"*Mr. Creager:* Right; and I might add that a statement covering any lesser included offense would not be consistent with the defense in this case. It is the defendant's position he was not there and that is the gist of it."

The distinction noted in *Lemmons* between a judge's failure to charge on included offenses and an affirmative exclusion should not be extended to a situation where the lawyer for the defendant agrees that there are no included offenses and additionally says that a statement covering included offenses would not be consistent with the theory of the defense. An affirmative exclusion of that which neither litigant wishes the jury to consider does not require reversal or a new trial.

To rule otherwise would mean that the policy of the law requires in every criminal case a charge as to included offenses without regard to the wishes

and requests of the lawyers representing the litigants. It would mean that the distinction recognized in *Lemmons* between an omission and an affirmative exclusion would be untenable.[2]

Affirmed.

Holbrook, J., concurred in the result.

R. B. Burns, P. J. (*dissenting*). Defendant was found guilty by a jury of armed robbery pursuant to MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797). This appeal is taken from the trial court's denial of defendant's motion for a new trial.

Defendant claims the evidence upon which he was convicted was insufficient to prove guilt beyond a reasonable doubt. The wife of the owner of the store which defendant and three other men were accused of robbing, positively identified defendant as one of the armed bandits. The store cashier, Perona Mitchell, also thought defendant was one of the robbers, although she was not positive. Defendant claims that the eyewitness testimony was unbelievable since he was wearing a moustache and a beard on the night of the robbery and the eyewitness did not recall seeing this excess facial hair. Defendant's alibi witness, a woman with whom defendant had been cohabiting for several years, corroborated defendant's claim of excess facial hair and further testified that defendant was with her at the time the alleged robbery took place.

It was the jury's prerogative to disbelieve defendant and his alibi witness. *People v. Jenkins* (1968), 10 Mich App 257.

---

[2] See *People v. Phillips* (1971), 385 Mich 30, 36 reiterating the general rule that in the absence of a request, a trial court does not err by failing to instruct on included offenses.

See also *People v. Riley* (1971), 33 Mich App 721, commenting on *Lemmons*.

It cannot be said as a matter of law that defendant's conviction was unjustified due to insufficient evidence. The eyewitness testimony of the store owner's wife and of the store cashier was sufficient to support defendant's conviction beyond a reasonable doubt. See *People* v. *Arither Thomas* (1967), 7 Mich App 103.

On authority of *People* v. *Jones* (1935), 273 Mich 430 and *People* v. *Lemmons* (1970), 384 Mich 1, defendant contends that the trial court erred in giving a jury instruction which affirmatively excluded consideration of lesser included offenses from the jury. The pertinent part of the court's instructions reads:

"Now, I don't have to give you, members of the jury, in this case any instruction on automatic included offenses, which we have in so many cases. Why? Because in this case, due to the fact that the defense attorney is conceding and has conceded that there was a robbery armed—although he claims the defendant was not a participant—and in view of the nature of his defense, that he was not there— and in view of all the undisputed evidence we have heard regarding the incident that happened at the Simmons Grocery that night, it is either a case of robbery armed, or nothing. There are no included offenses because of the circumstances in this case."

In the *Lemmons* case, *supra,* pp 2, 3, the Court stated:

"The complaining witness identified defendant as one of two men who robbed him at gunpoint. * * *

"Defendant made no request at trial that the lesser included offenses be included in the charge.

"The court instructed the jury that:

" 'There are only two possible verdicts as to each defendant. You may find the defendant, naming

them individually, guilty of robbery armed or not guilty. There are no included offenses.' * * *

"In *Jones* this Court went on to say:

" 'However, the rule does not excuse improper instructions. *Here the court did more than fail to charge upon the included offenses. It affirmatively excluded them from the consideration of the jury.* This was error because, under 3 Comp. Laws 1929, § 17325, the jury was authorized to find the defendant guilty of a lesser offense * * * .' (The statutory section now is CL 1948, § 768.32 [Stat Ann 1954 Rev § 28.1055]).

"The court's instruction in the instant case that the jury might find defendant either guilty of robbery armed or not guilty but that there were no included offenses comes directly within the interdiction of *Jones* and requires reversal with new trial." (Emphasis in original.)

It is true that the defense tried this case on the theory that the defendant was not present at the scene of the crime. Defendant's attorney did state to the court that a statement covering any lesser included offenses would not be consistent with the defense in this case. However, it is my interpretation of the *Jones* and *Lemmons* cases that a trial judge cannot affirmatively exclude the jury from considering lesser included offenses.

I would reverse and remand the case for a new trial.