PEOPLE v HENRY

Docket No. 54761. Argued September 11, 1974 (Calendar No. 8).—
Decided December 18, 1975.

Edward Henry, Jr., was convicted by a jury in the Berrien Circuit
Court, Karl F. Zick, J., of breaking and entering with intent to
commit larceny. Defense counsel made no request for instruc-
tions on lesser included offenses and expressly acknowledged
that such instructions were not appropriate, given defendant's
theory of the case. The Court of Appeals, R. B. Burns, P. J., and
Targonski, J. (Levin, J., dissenting), affirmed, applying the rule
that a reversal is required only where there is no request for
instruction on lesser offenses, there is evidence on the record to
support a conviction on a lesser offense so that, if requested, it
would have been error to refuse to instruct on it, and the court
affirmatively excludes consideration of lesser offenses by the
jury. Defendant appeals. *Held:*

1. A failure to instruct on lesser included offenses ordinarily
will not be regarded as reversible error absent a request for
such instruction.

2. With the sole exception of first-degree murder cases, fail-
ure of the trial court to instruct on lesser included offenses will
not be regarded as reversible error, absent requests for such
instructions before the jury retires to consider its verdict.

3. A hearing by the sentencing judge or his successor is the
appropriate forum for resolving a post-trial issue of whether
reversible error was committed when a prosecutor sought to
impeach a defendant's credibility by bringing to the jury's
attention prior convictions where those convictions were al-
legedly obtained in the absence of counsel as well as a post-
sentence issue of whether a defendant is entitled to resentenc-
ing because prior convictions allegedly obtained in the absence

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 185, 494.
75 Am Jur 2d, Trial §§ 876–882.
[3] 75 Am Jur 2d, Trial §§ 96, 574, 575.
[4] 75 Am Jur 2d, Trial § 269.
[5] 5 Am Jur 2d, Appeal and Error § 545.
[6] 21 Am Jur 2d, Criminal Law §§ 527, 533 *et seq.*

of counsel were considered by the trial court in imposing sentence. In those cases in which the former issue is raised during the trial, such a hearing should be held before the trial is completed so that it can be determined at that time whether the challenged testimony may properly be considered by the court or jury.

4. The use of prior convictions for the purpose of impeaching his credibility was not reversible error where the trial judge's discretion to exclude them was not invoked by objection made at trial.

5. Consideration of pending charges by the sentencing court does not require resentencing where there was no evidence on the record that the recitation of the charges was inaccurate, there was no showing that the court drew false inferences from the presentence report, and the language of the sentencing judge indicates that he was cognizant that these were merely charges, not convictions.

6. The conviction is affirmed without prejudice to the defendant's opportunity to move for a hearing on the issues of whether reversible error was committed when the prosecutor sought to impeach his credibility by bringing to the jury's attention prior convictions which were allegedly obtained in the absence of counsel and whether he is entitled to resentencing because prior convictions allegedly obtained in the absence of counsel were considered by the trial court in imposing sentence.

44 Mich App 290; 205 NW2d 498 (1973) affirmed.

*People v Lemmons,* 384 Mich 1; 178 NW2d 496 (1970) overruled.

1. CRIMINAL LAW—LESSER INCLUDED OFFENSES—INSTRUCTIONS TO JURY—AFFIRMATIVE EXCLUSION.

The affirmative exclusion doctrine will no longer be followed in considering appeals from failure to instruct the jury on lesser included offenses; the distinction between "affirmative exclusion" and "exclusion by implication" serves no good purpose, because if a jury is not instructed on lesser included offenses, such offenses are for all practical purposes excluded from the jury's consideration.

2. CRIMINAL LAW—LESSER INCLUDED OFFENSES—INSTRUCTIONS TO JURY.

A failure to instruct on lesser included offenses will not be regarded as reversible error, with the sole exception of first-

degree murder cases, absent a request for such instruction before the jury retires to consider its verdict.

3. TRIAL—INSTRUCTIONS TO JURY—DUTY TO INSTRUCT.

It is the duty of the trial judge, without any requests from counsel, to see to it that a case goes to the jury in a clear and intelligent manner, so that they may have a clear and correct understanding of what it is they are to decide, and the judge should state to them fully the law applicable to the facts.

4. CRIMINAL LAW—DEFENDANT TESTIFYING—IMPEACHMENT—PRIOR CONVICTIONS—NEW TRIAL.

A hearing by the sentencing judge or his successor is the appropriate forum for resolving a post-trial issue of whether reversible error was committed when a prosecutor sought to impeach a defendant's credibility by bringing prior convictions to the jury's attention where those convictions were allegedly obtained in the absence of counsel as well as a post-sentence issue of whether a defendant is entitled to resentencing because prior convictions allegedly obtained in the absence of counsel were considered by the trial court in imposing sentence; in those cases in which the former issue is raised during the trial, such a hearing should be held before the trial is completed so that it can be determined at that time whether the challenged testimony may properly be considered by the court or jury.

5. CRIMINAL LAW—DEFENDANT TESTIFYING—IMPEACHMENT—PRIOR CONVICTIONS—PRESERVING QUESTION.

Defendant's contention that the use of prior convictions for the purpose of impeaching his credibility was reversible error was not preserved for appeal where no objection was made at trial.

6. CRIMINAL LAW—SENTENCES—PENDING CHARGES.

Consideration of pending charges by the sentencing court does not require resentencing where there was no evidence on the record that the recitation of these charges was inaccurate, there was no showing that the court drew false inferences from the presentence report, and the language of the sentencing judge indicates that he was cognizant that these were merely charges, not convictions.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John A. Smietanka,* Prosecuting Attorney, and *Sally M. Zack,* Assistant Prosecuting Attorney, for the people.

*State Appellate Defender Office* (by *Steven L. Schwartz),* for defendant on appeal.

T. G. KAVANAGH, C. J. Defendant was charged and convicted by a jury of breaking and entering with intent to commit larceny. MCLA 750.110; MSA 28.305. The Court of Appeals affirmed. 44 Mich App 290; 205 NW2d 498 (1973).

Defendant contends that the trial court committed reversible error in its instructions to the jury by affirmatively excluding lesser included offenses from the jury's consideration. Defense counsel requested no instructions on lesser included offenses and did not object to the charge given.

We conclude that the affirmative exclusion doctrine will no longer be followed and that ordinarily a failure to instruct on lesser included offenses will not be regarded as reversible error absent a request for such instruction.

I

The principal issue is whether the trial judge erred reversibly by failing to instruct *sua sponte* on the lesser included offenses of entering without breaking (MCLA 750.111; MSA 28.306) and entering without breaking and without permission. (MCLA 750.115; MSA 28.310).

The prosecution maintained that the defendant broke and entered a tavern intending to commit larceny therein. He was arrested running away from the rear of the tavern, a window of which had been broken and the rear door of which was open.

No one saw the defendant enter the tavern. No one saw him inside it. No one saw him break any window. No one saw him take anything. By the tavern owner's own testimony, this place of busi-

ness had been involved in several such incidents in recent weeks and months.

Defendant admitted being in the vicinity, but said he saw someone else running from the area. He testified that he was making a phone call and was arrested after leaving the phone booth.

There are alternative hypotheses which the jury could have believed in whole or in part. The jury could have decided that defendant came upon a broken window, entered the tavern, saw a coin box, and rifled it; or the jury could have found that the men defendant testified were present in the area were frightened away, that defendant seized upon the opportunity to enter the premises, and that he immediately ran away upon seeing the officer. These hypotheses are not intended to be exhaustive. They are merely indicative of what the jury could have decided based upon the evidence presented at trial. The jury could have found that the lesser included offenses of entering without breaking, or of entering without breaking and without permission, had been committed by the defendant.[1]

The "affirmative exclusion" doctrine is based upon *People v Lemmons,* 384 Mich 1; 178 NW2d 496 (1970). In *Lemmons,* this Court, relying on *People v Jones,* 273 Mich 430; 263 NW 417 (1935), reversed a conviction due to erroneous jury instructions, even though no requests for instructions on lesser offenses were made. The pertinent jury instructions in *Lemmons* were as follows: "There are only two possible verdicts as to each

---

[1] *But see People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975), released today, which precludes instruction on an offense punishable by incarceration for one year or less in any case wherein the charged offense is punishable by incarceration for more than two years. Breaking and entering is punishable by 10 years' imprisonment. MCLA 750.110; MSA 28.305. Entering without breaking and without permission is a 90-day misdemeanor. MCLA 750.115; MSA 28.310.

defendant. You may find the defendants * * * guilty of robbery armed or not guilty. There are no included offenses." 384 Mich 1, 2.

In reversing defendant's conviction, this Court held that a distinction existed between not instructing on lesser offenses and "affirmatively excluding" them from the consideration of the jury. "Affirmative exclusion" was held to violate MCLA 768.32; MSA 28.1055 which states:

> "Upon an indictment for any offense, consisting of different degrees, as prescribed in this chapter, the jury may find the accused not guilty of the offense in the degree charged in the indictment and may find such accused person guilty of any degree of such offense, inferior to that charged in the indictment, or of an attempt to commit such offense."

According to *Lemmons,* if the judge expressly tells the jury that there are no included offenses, appeal may be had even though defendant requests no such instructions and makes no objections to the instructions given. If, on the other hand, the judge does not expressly so state, it is not assignable as error even though the jury is not instructed that there are lesser included offenses unless counsel asked for such instructions.

This "distinction" has caused great confusion. Many opinions of our appellate courts have attempted to distinguish between "exclusion by implication" and "affirmative exclusion" holding only the latter to be error.[2] Convicted defendants who

---

[2] *See, e.g., People v Riley,* 33 Mich App 721, 724–725; 190 NW2d 569 (1971):

"In both *Lemmons* and *Jones* the trial court told the jury that there were no lesser included offenses. It may be that the Supreme Court intended that the use of this specific language be the distinguishing factor. We do not understand the difference between limiting the jury to certain possible verdicts, which do not include lesser included offenses, and telling the jury that there are no lesser in-

requested no lesser offense instructions at trial often contend on appeal that the judge "affirmatively excluded" lesser offenses from the jury's consideration. The prosecution counters that the court did not *exclude* these lesser offenses, it merely did not *include* them.

As the only member of the unanimous *Lemmons* Court still on this bench, the writer acknowledges the poetic justice which ordains that he write for this Court a repudiation of the doctrine, first articulated in *People v Jones, supra,* but endorsed and followed in *Lemmons,* that "affirmative exclusion" is erroneous but "implied exclusion" is not. We are now persuaded that such a distinction serves no good purpose. If a jury is not instructed on lesser included offenses, such offenses are for all practical purposes excluded from the jury's consideration.

Instructions to a jury are in response to the jury's hypothetical inquiry: "Now that we have this evidence, what are the legally permissible verdicts we may return?" Nice distinctions between affirmative exclusion and exclusion by implication are of little use when it comes to answering this question. If the jury is not told, we must assume it does not know.

It is indeed the duty of the trial court to instruct correctly on the law, and it is error for the court not to do so. *People v Oberstaedt,* 372 Mich 521, 526; 127 NW2d 354 (1964). The rule was stated most forcefully in *People v Murray,* 72 Mich 10, 16; 40 NW 29 (1888):

"Without any requests from counsel it is the duty of the circuit judge to see to it that the case goes to the jury in a clear and intelligent manner, so that they

cluded offenses. However, if this is the ruling of *Lemmons* we can see the distinction even if we cannot perceive the difference."

may have a clear and correct understanding of what it is they are to decide, and he should state to them fully the law applicable to the facts. Especially is this his duty in a criminal case. In this case it was not so done. Too much reliance is often placed upon counsel by the court in this respect for requests; but this should not be done. The court must do its duty in a criminal case, whether counsel do so or not. It is to the court that the accused has a right to look to see that he has a fair trial."

We are forced to admit, however, that the goal of *Murray* has yet to be attained in the area of instructions on lesser included offenses. We have not yet been able to establish and consistently follow a rule which would require the trial judge to instruct on lesser included offenses without relying on requests from counsel. That is the goal. toward which we are striving. It is our intention to formulate a court rule which will require instructions on lesser included offenses in every appropriate case, without requests from counsel. Such a rule, however, should not be promulgated before the Michigan Standard Criminal Jury Instructions are finalized and reviewed by this Court. This will not be done until we receive the comments of the bench and bar.

We hold that with the sole exception of first-degree murder cases,[3] failure of the trial court to instruct on lesser included offenses will not be regarded as reversible error, absent requests for such instructions before the jury retires to consider its verdict.

## II

Defendant contends that reversible error was

---

[3] *See People v Jenkins,* 395 Mich 440; 236 NW2d 503 (1975), released today, which requires that the court instruct on the crime of second-degree murder in *every* first-degree murder case.

committed when the prosecutor sought to impeach defendant's credibility by bringing to the jury's attention prior convictions allegedly obtained in the absence of counsel, citing *Loper v Beto,* 405 US 473; 92 S Ct 1014; 31 L Ed 2d 374 (1972). Defendant also argues that he is entitled to resentencing per *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972), because prior convictions allegedly obtained in the absence of counsel were considered by the trial court in imposing sentence.

In *People v Moore,* 391 Mich 426, 440–441; 216 NW2d 770 (1974), this Court resolved a *Tucker* issue, concluding that:

"In the future, post-sentencing *Tucker* claims should be initially decided by the sentencing judge or his successor. He is in the best position to explore and decide the factual issues and, if necessary, the defendant can then be resentenced. The Court of Appeals may refrain from considering a *Tucker* claim until the sentencing court has had an opportunity to resolve it.

"To invoke a *Tucker* hearing, the defendant must (1) present prima facie proof that a previous conviction was violative of *Gideon,* such as a docket entry showing the absence of counsel or a transcript evidencing the same; or (2) present evidence that he has requested such records from the sentencing court and it has failed to reply or has refused to furnish copies of records within a reasonable period of time, say four weeks. Upon such presentation, either (1) or (2), the burden will then be upon the prosecutor to establish the constitutional validity of the prior conviction. Thus, if the prosecutor contends that the defendant waived counsel, the burden will be on him to show affirmative record evidence of waiver."

Defendant's procedural remedy with respect to the *Tucker* issue is prescribed by *Moore.*

In our view, a hearing such as prescribed in *Moore* is the appropriate forum for resolving a post-trial *Loper* issue as well as a post-sentence *Tucker* issue. In those cases in which a *Loper* issue is raised during the trial, such a hearing should be held before the trial is completed so that it can be determined at that time whether the challenged testimony may properly be considered by the court or jury. Only when such a hearing is held at the trial court level do we have a reviewable appellate record.

## III

Defendant contends that the use of prior felony convictions for the purpose of impeaching defendant's credibility was itself reversible error. No objection to such questioning was made at trial. The court in its instructions properly cautioned the jury that such prior convictions were to be considered only for the purpose of impeachment and that such convictions were not admitted as substantive evidence or as "increasing the probability of his being guilty of the offense here charged against him. * * * Other convictions are no evidence of his innocence or guilt".

In *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974), we held that the trial court had reversibly erred in failing to recognize its discretion to allow or disallow prior conviction impeachment under MCLA 600.2159; MSA 27A.2159. In *People v Moore,* 391 Mich 426, 435; 216 NW2d 770 (1974), we held that since defendant had not asked the trial court to exclude reference to prior convictions in the exercise of its discretion, the issue was not preserved for appeal.

Since the trial court's discretion was not invoked

in the instant case, no reversible error was committed by permitting such questioning.

## IV

Defendant's final contention is that the trial court erred by considering pending charges against defendant when imposing sentence. Defendant submits that as a result his sentence must be vacated and the case remanded for a new sentence to be imposed by a different judge.

The presentence report listed three pending charges against Henry. Each of these three pending charges arose prior to the incident for which Henry was convicted here. After defendant was sentenced to prison on the charge with which this appeal is concerned, the other three charges were dismissed.

The sentencing transcript substantiates defendant's claim that these pending charges were considered by the trial court prior to imposition of sentence.

"*The Court:* This detailed report I have on you is not good. You know that?

"*Defendant:* Yes, sir, I know that.

"*The Court:* You have served four or five prison terms haven't you?

"*Defendant:* Yes, sir.

"*The Court:* That is bad enough, but in addition I have information to the effect that at the time of the commission of this offense you were out on bond on some other charges against you, right?

"*Defendant:* Yes, sir.

"*The Court:* That doesn't show too much respect for the law. You were out on bond on those other charges, whether innocent or guilty. That's bad. You are out on bond waiting for trial and you go out and commit another offense."

*People v Lee,* 391 Mich 618; 218 NW2d 655 (1974), held that it was not error to include pending charges in the presentence report for the judge's consideration in sentencing. Of course, the defendant has the right to challenge or explain these pending charges. There is no evidence on the record that the recitation of these charges was inaccurate or that the court drew false inferences from the presentence report as in *People v Grimmett,* 388 Mich 590; 202 NW2d 278 (1972). The language of the sentencing judge indicates that he was cognizant that these were merely charges— not convictions. Consideration of these pending charges by the sentencing court does not require resentencing. *People v Martin,* 393 Mich 145; 224 NW2d 36 (1974).

## CONCLUSION

The conviction is affirmed without prejudice to the defendant's opportunity to move for a *Loper-Tucker* hearing in accordance with Part II of this opinion.

WILLIAMS, COLEMAN, and FITZGERALD, JJ., concurred with T. G. KAVANAGH, C. J.

LEVIN, LINDEMER, and RYAN, JJ., took no part in the decision of this case.