## PEOPLE *v.* HARTWICK.

1. CRIMINAL LAW—MANSLAUGHTER—SELF-DEFENSE—SUFFICIENCY OF
   EVIDENCE.

   Defendant, convicted of manslaughter, *held,* not entitled to a
   directed verdict of acquittal on the basis of self-defense, where
   there was testimony to support either a conviction or an
   acquittal by reason of self-defense, since the factual dispute
   properly presented an issue for jury determination, there being
   ample evidence in the record to sustain the verdict rendered (CL
   1948, § 750.321).

2. SAME—CONSTITUTIONAL  LAW—EVIDENCE—INCULPATORY  STATE-
   MENTS.

   The exclusionary rule prohibiting the introduction into evidence
   of a statement obtained from an accused after he has requested
   and been denied an opportunity to consult with counsel, and
   before being warned of his absolute constitutional right to
   remain silent, has no application where an accused made no
   request for counsel, was warned of his right to remain silent,
   and trial commenced prior to June 14, 1966.

3. SAME—CONSTITUTIONAL  LAW—EVIDENCE—INCULPATORY  STATE-
   MENT.

   Claim by defendant, convicted of manslaughter, that an inculpa-
   tory statement obtained from him was erroneously admitted
   into evidence in violation of the exclusionary rule prohibiting
   the introduction into evidence of a statement obtained from an

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 26 Am Jur, Homicide § 512.
[2, 3] 29 Am Jur 2d, Evidence §§ 555–557.
   Necessity of informing suspect of rights under privilege against
   self-incrimination, prior to police interrogation.   10 ALR3d
   1054.
[4] 5 Am Jur 2d, Appeal and Error § 548.
[5] 5 Am Jur 2d, Appeal and Error § 545; 29 Am Jur 2d, Evidence
   §§ 555–557.
[6] 5 Am Jur 2d, Appeal and Error § 624.

accused after he has requested and been denied the right to counsel, and before he has been warned of his absolute right to remain silent *held*, without merit, where defendant made no request for counsel, was advised of his absolute constitutional right to remain silent, and trial commenced prior to June 14, 1966 (CL 1948, § 750.321).

4. APPEAL AND ERROR—CRIMINAL LAW.
   Appellate courts may notice and correct grave errors which seriously affect the substantial rights of an accused although not challenged by objection or motion in the trial court.

5. CRIMINAL LAW—EVIDENCE—INCULPATORY STATEMENT—FAILURE TO OBJECT.
   Claim by defendant that prejudicial error was committed by the trial court in allowing into evidence an inculpatory statement made by defendant to an assistant prosecuting attorney *held*, not properly before the Court of Appeals, where defendant made no objection to the introduction of the statement at trial, and there was no showing of physical duress, mental duress, or involuntariness that might have made it inadmissible, since appellate courts do not notice and correct errors not challenged by objection or motion in the trial court unless they seriously affect the substantial rights of an accused.

6. SAME—ARGUMENT OF COUNSEL.
   Claim by defendant, convicted of manslaughter, that the prosecutor's argument to the jury was so inflammatory and so calculated to mislead as to have deprived defendant of a fair trial *held*, without merit, where an examination of the record establishes that none of such argument can be so characterized, and defendant made no objection to the argument at trial (CL 1948, § 750.321).

Appeal from Oakland; Moore (Arthur E.), J. Submitted Division 2 May 4, 1967, at Lansing. (Docket No. 2,258.) Decided November 21, 1967.

Richard Hartwick was found guilty of manslaughter. Affirmed. Leave to appeal denied January 25, 1968. See 380 Mich 753.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *S. Jerome Bronson*, Prosecuting Attorney, *Robert W. Leutheuser*, Chief

Appellate Counsel, and *Dennis Donohue,* Assistant Prosecuting Attorney, for the people.

*Kenneth H. Smith,* for defendant.

Gilmore, J.   Defendant was found guilty by a jury on February 8, 1966, of manslaughter[1] arising from an incident that occurred during the night of August 15, 1965, in Lake Orion, Michigan.

The basic issues relate to the refusal of the court to direct a verdict of acquittal on the basis of self-defense; the admission of a statement taken from defendant on August 16, 1965; and the conduct of the assistant prosecuting attorney in his argument to the jury.

Defendant was charged with second-degree murder[2] and found guilty of manslaughter.   His first claim of error relates to the refusal of the court to direct a verdict of acquittal on the basis of self-defense.   It would avail little to recite the varying claims of the parties as to the factual situation surrounding the death of decedent.   It is sufficient to state that there was adequate testimony in the record to sustain the verdict rendered, as well as adequate testimony to sustain a claim of self-defense.   Clearly, a factual issue as to self-defense was created by the evidence.

The issue of self-defense was fully and completely raised at the trial of the cause and fully and completely argued to the jury.   The trial court in its instructions carefully charged the jury on the subject pointing out that, once the issue is raised, the people have the burden of proof beyond a reasonable doubt to prove that the defendant did not act in self-defense.   The matter was properly before the jury, and because of the factual dispute in the

---

[1] CL 1948, § 750.321 (Stat Ann 1954 Rev § 28.553).
[2] CL 1948, § 750.317 (Stat Ann 1954 Rev § 28.549).

record, there was no basis for a directed verdict of not guilty. The instructions of the trial court were clear and accurate.

The next issue relates to the receipt in evidence of a statement of the defendant. Defendant first claims on appeal that the introduction of the statement was reversible error and relies upon *Escobedo* v. *Illinois* (1964), 378 US 478 (84 S Ct 1758, 12 L ed 2d 977).

The statement in question was taken by an assistant prosecuting attorney of Oakland County on August 16, 1965, at 10:25 a.m. the morning after the killing. The following colloquy took place before the statement was taken:

"*Q.* Richard, my name is James Stelt. I am an assistant prosecuting attorney with the county of Oakland, and I understand you want to make a statement to us. I want to advise you that you have a right, of course, to an attorney, and that you have a right to make a statement or not make a statement. Are you aware of these rights?

"*A.* What do you mean, make a statement?

"*Q.* Well, tell us what happened last night and early this morning.

"*A.* Don't you have a statement there? I make— I made out two of 'em last night. I didn't make them out but twice—

"*Q.* Well, this would be more of a formal statement in the presence of the detectives and the chief, and it will be put down in writing, and you will be able to see it after you are through, if you want, some later date.

"*A.* OK."

Following this colloquy, defendant gave the statement that was introduced into evidence. Defendant contends that the statement violates his rights under *Escobedo* in that he was not effectively warned of his absolute constitutional right to remain silent,

and that he was denied the assistance of counsel in violation of the Sixth Amendment.

We feel defendant misreads *Escobedo*. The decisional language of *Escobedo* is couched in the following terms at page 490, 491:

"We hold, therefore, that where, as here, the investigation is no longer a general inquiry into an unsolved crime, but has begun to focus on a particular suspect, the suspect has been taken into police custody, the police carry out a process of interrogation that lends itself to eliciting incriminating statements, the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his absolute constitutional right to remain silent, the accused has been denied 'the assistance of counsel' in violation of the Sixth Amendment to the Constitution as 'made obligatory upon the States by the Fourteenth Amendment'  *  *  * and that no statement elicited by the police during the interrogation may be used against him at a criminal trial."

It is clear that the exclusionary rule of *Escobedo* is limited to those circumstances where the suspect has requested and has been denied an opportunity to consult with his lawyer, *and* the police have not sufficiently warned him of his absolute constitutional right to remain silent.[3]

There is no showing in this record that defendant made any request for counsel. He was advised of his right to counsel and he did not seek counsel.

Therefore the *Escobedo* rule was not violated in the interrogation and the statement was properly

[3] This case was tried in February, 1966, prior to the decision of *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L ed 2d 694). Under the ruling of *Johnson* v. *New Jersey* (1966), 384 US 719 (86 S Ct 1772, 16 L ed 2d 882), the *Miranda* requirements were not made retroactive. Thus defendant concedes he cannot rely upon *Miranda*, which conceivably could have ruled out his statement.

admissible in the trial court, there being no show-ing of physical duress, mental duress, or involun-tariness that might have made it inadmissible.

Additionally, no objection to the statement was made by defendant's attorney at the time it was offered into evidence at trial. It is true that some-times in criminal cases appellate courts may notice and correct grave errors which seriously affect the substantial rights of the accused although not chal-lenged by objection or motion in the trial court. *Stanfield* v. *United States* (CA 10, 1965), 350 F2d 518, 519; *People* v. *Limon* (1966), 4 Mich App 440, 445.

Here, however, in view of the fact that the state-ment was basically admissible, there is no reason to consider an objection not raised at time of trial.

The final contention of defendant is that the con-duct of the assistant prosecuting attorney in his argument violated defendant's rights, and deprived him of a fair trial. Defendant contends the argu-ment was inflammatory and calculated to mislead the jury. The Court has carefully examined the argument and finds nothing in it that can be so characterized. In addition, no objection was made at the time of argument by defendant's attorney. Consequently, this claim of error is without legal basis.

The judgment of the trial court is affirmed.

LESINSKI, C. J., and QUINN, J., concurred.