PEOPLE v. GORDON

1. APPEAL AND ERROR—OBJECTION—WAIVER.
   The Court of Appeals does not review claimed errors where appellant did not object at trial to the testimony or the instructions which he now claims as error.

2. APPEAL AND ERROR—NEW TRIAL—TRIAL JUDGE.
   Failure of trial judge to state in writing the reasons for refusing a new trial does not require a reversal, where the motion for new trial was filed after the case had been appealed to the Court of Appeals.

Appeal from Recorder's Court of Detroit, Gerald W. Groat, J. Submitted Division 1 February 10, 1969, at Detroit. (Docket No. 5,203.) Decided March 26, 1969.

Leslie Gordon was convicted of statutory rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Terrance Boyle,* Assistant Prosecuting Attorney, for the people.

*William A. Ortman,* for defendant on appeal.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 562–565.
[2] 5 Am Jur 2d, Appeal and Error § 850 *et seq.*

BEFORE: FITZGERALD, P. J., and R. B. BURNS and BRONSON, JJ.

PER CURIAM. Defendant was convicted of statutory rape, CLS 1961, § 750.520 (Stat Ann 1954 Rev § 28.788), and appeals from the sentence imposed.

Defendant has raised several procedural errors. He did not object to the testimony or the instructions which he now claims as error and we do not review such claims on appeal. *People* v. *Hartwick* (1967), 8 Mich App 193.

Defendant filed a motion for a new trial after the case had been appealed to this Court and now claims the trial judge committed error by not stating in writing the reasons for refusing a new trial. While we do not condone this action, such action does not require a reversal. *Frederick* v. *City of Detroit* (1963), 370 Mich 425.

Affirmed.