PEOPLE v. SMITH

1. Criminal Law—Pretrial Identification—Photographic Identi-
fication—Appeal and Error—Standard of Review.

    A conviction based on eyewitness identification of the defendant
at trial, following a pretrial identification of him from photo-
graphs, will be set aside on the ground of the photographic
identification only where the photographic identification proce-
dure was so impermissibly suggestive as to give rise to a very
substantial likelihood of irreparable misidentification.

2. Criminal Law—Pretrial Identification—Photographic Identi-
fication—In-Court Identification.

    Allowing in-court identifications of the defendant, charged with
armed robbery, by eyewitnesses was not error even though the
witnesses had been shown an illegally seized photograph of
the defendant with two companions in a social setting along
with "mugshots" of the defendant and other people where
the witnesses were able to see the defendant for several minutes
during the holdup, they viewed the sets of photographs
separately and made separate identifications at the lineups,
their identifications of the defendant at trial were accompanied
by their statements that they could have done so regardless
of the display of photographs, their in-court identifications
were unequivocal, notwithstanding extensive cross-examination,
no evidence was presented that would indicate that the identi-
fying witnesses were told anything about the investigation or
which persons in the photographs were under suspicion and
where the witnesses made identifications from the mugshots
prior to reviewing the illegally seized snapshot, because there
was little chance that the identification procedure led to mis-
identification of the defendant.

References for Points in Headnotes
[1, 2] 21 Am Jur 2d, Criminal Law §§ 368, 369.
  Admissibility of evidence as to extrajudicial or pretrial identifica-
tion of accused. 71 ALR2d 449.

Appeal from Oakland, Philip Pratt, J. Submitted Division 2 March 5, 1971, at Lansing. (Docket No. 8797.) Decided March 31, 1971. Leave to appeal denied, 386 Mich 752.

Earl Smith was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Dennis Donohue,* Chief Appellate Counsel, for the people.

*Field, Field & Rundell* (by *Curtis G. Rundell, II*), for defendant on appeal.

Before: R. B. Burns, P. J., and J. H. Gillis and T. M. Burns, JJ.

Per Curiam. Defendant Earl Smith was convicted by a jury of armed robbery. MCLA § 750-.529 (Stat Ann 1971 Cum Supp § 28.797). He appeals as of right alleging the trial court committed reversible error by denying a motion to suppress evidence of identifications of defendant made by witnesses to the robbery.

The record shows that three armed men entered a grocery store, forced the store employees into a rest room, and then emptied the safe in the manager's office. Defendant was alleged to have been the man who guarded the rest room door during the robbery.

Defendant argues that pretrial identification procedures irreparably tainted both the lineup and the in-court identifications made by the witnesses who were forced into the rest room.

A separate record was made on the issue of the admissibility of the eyewitness identifications (see *People* v. *Hutton* [1970], 21 Mich App 312; *People*

v. *Childers* [1969], 20 Mich App 639), where it was
shown that six witnesses identified defendant from
a set of eleven photographs produced by the police.
The prosecution concedes on appeal that one of these
photographs was the product of an illegal search and
seizure stemming from an earlier unrelated police
investigation. It was a Polaroid snapshot depicting
defendant in the company of two women in a casual
social setting. Defendant was also pictured in one
of five police "mugshots." The remaining photo-
graphs were Polaroid snapshots of various other
people. Four witnesses stated they made identifi-
cation from the set of "mugshots" first, and were
allowed to testify at trial. One witness who made
identification from the Polaroid snapshot did not
testify pursuant to stipulation by the prosecutor.
The remaining witness was allowed to testify as to
other matters and then made in-court identification
of defendant without objection by defense counsel.
All witnesses who made identifications at trial stated
they could have done so regardless of the display
of photographs.

In *Simmons* v. *United States* (1968), 390 US 377,
384 (88 S Ct 967; 19 L Ed 2d 1247, 1253), the
Supreme Court held that convictions based on eye-
witness identification at trial following a pretrial
identification by photograph would be set aside on
that ground only if the photographic identification
procedure was "so impermissibly suggestive as to
give rise to a very substantial likelihood of irrep-
arable misidentification".

Applying that standard to the case at bar, we
find the trial court was correct in ruling that there
was little chance that the procedure utilized led to
misidentification of defendant. The witnesses were
able to see the robber, later identified as defendant,
for several minutes during the holdup. They viewed

the sets of photographs separately and made separate identifications at the lineups. Their identification of defendant was unequivocal, notwithstanding extensive cross-examination. No evidence was presented that would indicate that the witnesses were told anything about the investigation, or which persons in the photographs were under suspicion. The use of the illegally seized photograph had no influence on the witnesses since those who testified made identification from the "mugshots" prior to viewing the snapshot. Under these circumstances, we find no error in allowing such evidence to go to the jury. *People* v. *Noble* (1970), 22 Mich App 499; *People* v. *Nugent* (1969), 21 Mich App 58.

We also find no merit in defendant's claim that he was denied counsel at the lineups pursuant to *United States* v. *Wade* (1967), 388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149). The detective in charge of the lineups testified he read defendant a statement explaining the right to have counsel of his own choice or at public expense present at such stages of the proceedings and that defendant stated he wished to proceed without counsel. This statement was introduced into evidence and defendant admitted signing it. The trial court could properly find defendant waived his right to counsel. See *People* v. *Hartwick* (1967), 8 Mich App 193; *People* v. *Matthews* (1970), 22 Mich App 619.

Affirmed.