PEOPLE *v.* THOMAS

1. Indictment and Information—Witnesses—Indorsement—Non-Res Gestae Witness.

Failure to indorse a witness who allegedly would have presented alibi testimony did not constitute error where defense attorney admitted in closing argument that defendant was present with three other men when the complainant was put in fear of being robbed and the only defense presented was that the complainant had misconstrued the actions of the four men since they were only engaging in a prank with no intent to rob, because the witness was not a *res gestae* witness.

2. Indictment and Information—Witnesses—Res Gestae Witnesses—Indorsement.

A prosecutor's duty to indorse witnesses on the information is limited to the indorsement of *res gestae* witnesses (MCLA § 767.40).

3. Criminal Law—In-Court Identification—Pre-Trial Confrontation—Independent Source.

Face-to-face confrontation of defendant by the complainant in the apartment to which defendant had fled after he had attempted to rob the complainant was not a denial of due process where complainant's in-court identification of defendant was based upon an independent source, her clear view of defendant during the attempted robbery.

4. Appeal and Error — Nonjury Trial — Evidence — Conflicting Evidence.

An appellate court cannot interfere with the findings of a trial judge who sits as the trier of fact, since an appellate court cannot weigh conflicting evidence in a nonjury case.

---

References for Points in Headnotes

[1, 2]  41 Am Jur 2d, Indictments and Informations §§ 55, 60.
[3]  29 Am Jur 2d, Evidence § 371 *et seq.*
[4]  5 Am Jur 2d, Appeal and Error § 839 *et seq.*

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted Division 1 April 27, 1971, at Grand Rapids. (Docket No. 5730.) Decided May 24, 1971.

John Thomas was convicted of assault with intent to rob while being armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Michael R. Mueller,* Assistant Prosecuting Attorney, for the people.

*Charles E. Fonville,* for defendant on appeal.

Before: T. M. BURNS, P. J., and FITZGERALD and R. B. BURNS, JJ.

PER CURIAM. Defendant and two others were convicted of assault with intent to rob while being armed. MCLA § 750.89 (Stat Ann 1962 Rev § 28-.284). They all waived trial by jury. Defendant was sentenced to not less than five years nor more than ten years imprisonment by Detroit Recorder's Court Judge Crockett. The codefendants both were placed on two years probation and fined $250.

Defendant was at all times represented by counsel. Defendant brings this appeal as of right and raises three allegations of error: (1) failure of the prosecution to indorse a witness; (2) failure to determine the origin of the in-court identification of defendant; and (3) the evidence was not sufficient to support a verdict of guilty beyond a reasonable doubt.

The people have filed a motion to affirm the conviction and sentence.

When defendant and his friends fled the scene of the crime they entered a nearby apartment. A woman later admitted police to the apartment. Defendant contends that the failure to indorse a witness prevented the defendant from having a fair trial because the witness could have presented an alibi defense for defendant. The trial transcript belies this contention. In his closing argument to the court, defendant's attorney flatly admitted that defendant was present with three other men when the complainant was put in fear of being robbed. The only defense offered at trial was that the complainant misconstrued the actions of the four men since they were only engaging in a prank with no intent to rob. It is clear that the witness was not a *res gestae* witness since her testimony was not necessary to protect defendant against false accusation. *People* v. *Kayne* (1934), 268 Mich 186; *People* v. *Dickinson* (1966), 2 Mich App 646. Under MCLA § 767.40 (Stat Ann 1971 Cum Supp § 28.980) the duty of the prosecutor is limited to the indorsement of *res gestae* witnesses. *People* v. *Kayne, supra; People* v. *Dickinson, supra.* Further, defendant's attempt to establish the defense of alibi comes too late. MCLA § 768.20 (Stat Ann 1954 Rev § 28-.1043); *People* v. *Williams* (1968), 11 Mich App 62.

Testimony of the complaining witness clearly does show that the in-court identification of defendant had an independent origin, *i.e.,* the witness's clear view of defendant during the attempted armed robbery, contrary to the allegation of defendant's brief. In such case the face-to-face confrontation of defendant by the complainant in the apartment to which defendant fled was not a denial of due process. *People* v. *Cartwright* (1970), 26 Mich App

687; *People* v. *Serra* (1942), 301 Mich 124; *People* v. *Floyd* (1968), 15 Mich App 284.

A careful review of the record reveals that there was more than sufficient evidence from which the trial judge sitting without a jury could find defendant guilty beyond a reasonable doubt. All of the elements of the crime charged were testified to by the complaining witness and, if believed by the trial judge, such testimony was sufficient to support a conviction. Where the trial judge sits as trier of fact this Court cannot interfere with his findings, because a reviewing court cannot weigh conflicting evidence in a nonjury case. *People* v. *Bennett* (1966), 3 Mich App 326; *People* v. *Szymanski* (1948), 321 Mich 248.

The motion to affirm is granted.