PEOPLE *v.* RUSSELL

1. CRIMINAL LAW—PROSECUTOR PERSONALLY TRYING CASE.
   Prosecutor's personally trying defendant's case did not deny defendant a fair trial.

2. CRIMINAL LAW—PROSECUTOR'S COMMENT.
   Prosecutor's comment that he had not tried a case in a long time did not constitute error where the statement was not made in the presence of the jury and could not have affected the outcome of the trial.

3. CRIMINAL LAW—MOTION FOR NEW TRIAL—CONCISE STATEMENT OF REASONS—COURT RULES.
   Failure of the trial judge to sign and file a concise statement of his reasons for denying defendant's motion for a new trial based on the prejudicial impact of the prosecutor personally trying the case did not constitute reversible error and the trial judge was not required to comply with the court rule by the appellate court because no useful purpose would be served in requiring the trial judge to comply with the rule where defendant's claim was without any merit (GCR 1963, 527.7).

Appeal from Recorder's Court of Detroit, Samuel H. Olsen, J.   Submitted Division 1 June 1, 1971, at Detroit.   (Docket No. 10264.)   Decided July 29, 1971.

Barry Russell was convicted of larceny from a person.   Defendant appeals.   Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 42 Am Jur, Prosecuting Attorneys § 20.
[3] 5 Am Jur 2d, Appeal and Error §§ 555–557.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Patricia J. Boyle,* Assistant Prosecuting Attorney, for the people.

*George F. Shirley,* for defendant on appeal.

Before: LESINSKI, C. J., and J. H. GILLIS and LEVIN, JJ.

PER CURIAM. The defendant was convicted by a jury of larceny from a person. MCLA § 750.357 (Stat Ann 1954 Rev § 28.589).

On appeal the defendant raises five issues. The fact that the prosecutor personally tried the case is not error. His statement that he had not tried a case in a long time was not made in the presence of the jury and could not have affected the outcome of the trial.

A motion for a new trial was filed on the ground that the trial judge erred in allowing the prosecutor to try the case himself. In denying the motion, the judge did not sign and file a concise statement of his reasons as required by GCR 1963, 527.7. See, also, *People* v. *Gordon* (1969), 16 Mich App 591. In light of our ruling in the preceding paragraph of this opinion, we do not think that any useful purpose would be served by requiring the judge now to comply with the court rule.

The prosecutor asked the complaining witness, a pastor, questions relative to his previous employment. The defendant's lawyer objected to this line of questioning after all the questions had been asked and answered. The brief elaboration on the previous answers which took place after the objection

was overruled was harmless and does not require a new trial.

The defendant's exculpatory statement made at the police station was clearly voluntary. According to the evidence submitted at the hearing on voluntariness, the defendant was thoroughly apprised of his pertinent constitutional rights, both orally and in writing, before he made his statement.

The court properly denied the motion for a directed verdict of acquittal since there was conflicting testimony which presented a question of credibility for the jury.

The questions sought to be reviewed are so unsubstantial as to require no argument or formal submission.

Motion to affirm is granted.