## PEOPLE v. ROBERT THOMAS

1. CRIMINAL LAW—LINEUP—RIGHT TO COUNSEL—WAIVER OF COUNSEL.

   A lineup conducted without the presence of counsel and without a waiver of counsel by the defendant himself violates the defendant's constitutional right to counsel at this stage of the proceedings and is, therefore, illegal.

2. CRIMINAL LAW—LINEUP—RIGHT TO COUNSEL—ATTORNEY'S REFUSAL TO ATTEND—WAIVER OF COUNSEL.

   A lineup conducted without the presence of the attorney retained to represent the defendant and without a waiver of counsel by the defendant himself was illegal even though the defendant's attorney refused an invitation by the police to attend the lineup.

3. CRIMINAL LAW—LINEUP—ILLEGAL LINEUP—EVIDENTIARY HEARING.

   An evidentiary hearing was required on the issue whether an in-court identification of the defendant was of an origin independent of a prior lineup identification even though no request for an evidentiary hearing was made in the trial court where the lineup was illegal in that defendant did not have counsel at the lineup and defendant himself had not waived counsel.

4. CRIMINAL LAW—LINEUP—ILLEGAL LINEUP—APPEAL AND ERROR—EVIDENTIARY HEARING.

   A failure by the defendant to object in the trial court to an illegal pre-trial identification lineup does not preclude ap-

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 313, 368.
[3] 53 Am Jur, Trial § 132 et seq.
    21 Am Jur 2d, Criminal Law § 368.
[4] 53 Am Jur, Trial § 132 et seq.
    5 Am Jur 2d, Appeal and Error § 545 et seq.

pellate review of the issue; a full evidentiary hearing at the trial level focused on the identification procedure is generally required and an appellate court may not attempt such a determination on the record made in connection with the trial.

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted Division 1 June 9, 1971, at Detroit. (Docket No. 5501.) Decided October 1, 1971.

Robert Thomas, Jr., was convicted of first-degree murder. Defendant appeals. Remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Irving Tukel,* for defendant on appeal.

Before: LEVIN, P. J., and QUINN and V. J. BRENNAN, JJ.

LEVIN, P. J. Robert Thomas, Jr. was convicted by a jury of first-degree murder.[1]

In March, 1967, the victim was shot in his automobile by the driver of another automobile after an altercation concerning the right of way. There was some horn blowing and name calling, and several shots were fired by the assailant who was driving a blue Buick automobile.

Jerry Henry testified that shortly before the shooting, at a point six or seven blocks from the

---

[1] MCLA § 750.316 (Stat Ann 1954 Rev § 28.548).

place where the shooting occurred, he encountered the defendant armed with a pistol driving a blue Buick toward the scene of the shooting. Henry identified the defendant from a police photograph.

Over five months later the defendant's picture was printed in a newspaper along with an article entitled, "Clues Put Police on Trail of Traffic Murderer". Andrew Smith testified that he saw the article and the defendant's picture. He was the only witness who said he could identify the defendant as the person who shot the victim.

A few days after the news story, the defendant surrendered to the authorities and a lineup attended by both Henry and Smith was held. Both identified the defendant as the driver of the blue Buick. A lawyer retained by the defendant's uncle refused a police invitation to attend the lineup and the defendant was not represented by counsel when it was held.

At the trial both Henry and Smith made in-court identifications and testified regarding the lineup identifications. Smith testified that before the lineup he was shown a number of photographs, including the defendant's. In response to the question, "Before you attended that showup, they showed you these pictures?" Smith responded, "Well, at the same time I saw his picture in the paper that's the reason I knowed him". On rebuttal, a police officer said Smith was not shown photographs until after the lineup.

We agree with the defendant's appellate counsel that the defendant's *Wade*[2] rights were violated when a lineup was conducted without counsel pres-

---

[2] *United States* v. *Wade* (1967), 388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149).

ent and the defendant had not personally waived counsel.[3]

Although the defendant's trial lawyer did not ask for an evidentiary hearing on the question whether the in-court identification was tainted by the photographic and lineup identifications, we are satisfied, in the light of the illegality of the lineup identification,[4] that the defendant is entitled to a separate evidentiary hearing focused on the question whether the in-court identification was of independent origin.

In *People v. Schumacher* (1971), 384 Mich 831, the Michigan Supreme Court reversed our Court and remanded Schumacher's appeal for an evidentiary hearing to determine whether an in-court identification was of independent origin even though there had been no objection to the identification procedures at Schumacher's trial. Schumacher had been identified through the use of photographs and a one-way mirror. He was not represented by counsel when he was so identified.[5]

While our Court in *Schumacher* had acknowledged that the failure of trial counsel to preserve the identification procedures issue did not preclude appellate review,[6] we affirmed Schumacher's conviction be-

---

[3] *Cf. People v. Thorne* (1970), 21 Mich App 478, *modified on other grounds* (1970), 383 Mich 791.

[4] In *United States v. Zeiler* (CA3, 1970), 427 F2d 1305, 1307 the United States Court of Appeals for the third circuit held "that the rule of the *Wade* case [guaranteeing the right of counsel at a lineup] applies to pretrial photographic identifications of an accused who is in custody". In this connection see *Commonwealth v. Whiting* (1970), 439 Pa 205 (266 A2d 738); *People v. Rowell* (1968), 14 Mich App 190, 197 (Levin, J., *concurring*); *People v. Adams* (1969), 19 Mich App 131, 133, n 1.

[5] The Supreme Court did not file a full opinion. Its order does not state the facts. They appear in our Court's opinion, see *People v. Schumacher* (1971), 29 Mich App 594, 596.

[6] We said that, nevertheless, the people are obliged to establish by "clear and convincing evidence that the in-court identification was based on observation of the suspect not connected with the identification procedures under attack". *People v. Schumacher. supra*, p 596.

cause, on our examination of the trial record, we were convinced that the in-court identification was not attributable to the erroneous procedures.

The Supreme Court's ruling in *Schumacher* establishes not only that a failure to object at the trial level to illegal identification procedures—here, the conduct of a lineup without the presence of counsel representing the accused person or waiver of counsel by the accused person himself—does not preclude raising the issue on appeal, but also that where a question regarding identification procedures is raised, a full evidentiary hearing at the trial level focused on that question will generally be required, and that we may not ourselves attempt such a determination on the record made in connection with the trial.

After this appeal was argued, our opinion in *People v. Morrin* (1971), 31 Mich App 301, was published. There we found that the evidence of premeditation and deliberation did not support the defendant's conviction of first-degree murder and reduced the judgment of conviction to second-degree murder. In this case, error was not assigned regarding the sufficiency of the evidence. If a new trial is not granted upon the evidentiary hearing we have ordered, the defendant may seek a reduction of his conviction from first- to second-degree murder on the authority of *Morrin* by filing a delayed motion for a new trial in the trial court and, if relief is there denied, by application for a delayed appeal in our Court. Although we see a substantial question concerning the sufficiency of the evidence to convict of the more aggravated offense, since the question has not been briefed or argued, we reserve our opinion until the question is properly and fully presented.

Remanded for further proceedings consistent with this opinion.

All concurred.