PEOPLE *v* COTTON

1. CRIMINAL LAW—APPEAL AND ERROR—CONSTITUTIONAL LAW—
   PRESERVING QUESTION.

   Defense counsel's failure to raise a timely objection before or during trial to a pretrial photographic identification procedure at which the defendant was not represented by counsel does not preclude appellate review of that objection because it raises an alleged violation of a constitutional right.

2. CRIMINAL LAW—CONSTITUTIONAL LAW—PHOTOGRAPHIC IDENTIFI-
   CATION—ASSISTANCE OF COUNSEL.

   A criminal accused being held in custody is entitled to be represented by counsel at any photographic identification proceeding.

3. CRIMINAL LAW—PHOTOGRAPHIC IDENTIFICATION—ASSISTANCE OF
   COUNSEL.

   A defendant was entitled to be represented by counsel at a pretrial photographic identification proceeding even though he was not in custody where the proceeding occurred immediately after the police had released him from custody but had retained his car, before his release the defendant had been represented by counsel at lineups in which he had appeared, and the purpose of the identification proceeding was to build a case against him rather than exonerate him.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 545.
[2-5] 21 Am Jur 2d, Criminal Law § 314.

What constitutes "custodial interrogation" within rule of Miranda v Arizona requiring that suspect be informed of his federal constitutional rights before custodial interrogation.   31 ALR3d 565.

Accused's right to counsel under the federal constitution.—Supreme court cases.   18 L Ed 2d 1420.

Comment note.—Necessity of informing suspect of rights under privilege against self-incrimination, prior to police interrogation. 10 ALR3d 1054.

4. Criminal Law—Appeal and Error—Identification.

Defendant's cause is remanded for a separate hearing at the trial level to determine whether a lineup or in-court identification of him was tainted by a pretrial photographic identification proceeding which was improper because he was not represented by counsel.

5. Criminal Law — Identification — Independent Origin — New Trial.

A defendant's conviction must be set aside if an in-court identification of him is tainted by, and not based upon an origin independent of, a pretrial photographic identification proceeding which was improper because he was not represented by counsel, and a new trial free of all evidence tainted by the pretrial photographic identification proceeding must be had.

Appeal from Recorder's Court of Detroit, Thomas L. Poindexter, J. Submitted Division 1 January 11, 1972, at Detroit. (Docket No. 11988.) Decided February 25, 1972.

Jesse E. Cotton was convicted of armed robbery. Defendant appeals. Remanded with instructions for further proceedings.

*Frank J. Kelley,* Attorney General *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Michael R. Mueller,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, and *Daniel S. Seikaly,* Assistant Defender, for defendant.

Before: V. J. Brennan, P. J., and J. H. Gillis and Van Valkenburg,* JJ.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

J. H. GILLIS, J. Defendant was convicted by a jury of armed robbery, MCLA 750.529; MSA 28.797, and sentenced to serve 7–1/2 to 20 years in prison. He now brings this delayed appeal.

On September 12, 1967, a man entered a Detroit branch office of Associate Finance Company, walked up to a teller's window serviced by one Cecilia (Des-Marais) Hill, gave her a paper bag, and demanded money. Mrs. Gayle (Fortner) Stefanski, the cashier at a neighboring window, stated that she saw her cohort hand a paper bag over the counter to the defendant. The manager of the office, having also observed the transaction, gave chase unsuccessfully. Keith Benning, another witness for the prosecution, testified to the following: On September 12, 1967, he was sitting in a truck which was parked near the finance company when a 1966 shiny red Ford Galaxie 500 pulled up in front of him and stopped; leaving the motor running, the driver got out, kicked the tire, and got back in, whereupon another man ran out of the alley, jumped into the car, and they sped off; he did not see the running man's face; however, he did notice that the rear license plate was hanging from a piece of wire; he noted the license number of the car.[1] Joseph Sweeney, of the Detroit Police Department, stated that he had received a radio description of the car allegedly involved in the robbery and recalled having seen such a car in his patrol area. The day after the robbery he spotted the car, and arrested the driver, who is the defendant in this case. The car was seized by the police.

The same day the defendant was arrested, Mrs. Hill, Mr. Benning, and the manager of the finance

---

[1] The license number that was given to the police by the witness turned out to be two digits off the actual license number of defendant's automobile.

company came down to the police station for the purpose of attempting to identify the accused at a lineup.[2] The lineups were conducted separately with defendant being represented by counsel at each. The results of the showups were as follows: Both the manager and Mrs. Hill were unable to identify the defendant and, in fact, made incorrect identifications; Mr. Benning failed to make any identification. However, Mr. Benning, prior to the showup, did identify the car in custody as the same one he had observed the day of the robbery, while Mrs. Hill subsequently identified the defendant at the preliminary examination and then proceeded to make an in-court identification at trial.[3]

On September 14, 1967 (the morning following the unsuccessful lineup identifications), defendant was released from custody though his car was retained by the police. Subsequently, Mrs. Stefanski identified the defendant from a group of five or six photographs shown to her by the police without defendant's counsel being present.[4] Responding to a message left at his home by police, defendant voluntarily returned to the police station on September 18, 1967, to get his car. He was then held at the station and placed in a lineup where he was identi-

[2] Mrs. Stefanski did not participate in attempting to identify the defendant in a lineup on this date.

[3] At trial, Mrs. Hill explained her initially erroneous identification thus: "Because they all looked the same to me". She went on to indicate that there was no question that defendant was the man.

[4] There is conflicting testimony as to how long after defendant's release the pretrial photographic identification took place. One officer testified it occurred on September 14th, while another indicated it was on the 14th, 15th or 16th. Mrs. Stefanski at the preliminary examination indicated that it occurred on September 18th just before she was taken to identify the defendant at a lineup. However, at trial she stated she could not recall when the photographs were shown her.

Likewise, there is conflicting testimony as to where she observed the photographs. One officer testified that he had gone out to the finance company to conduct the identification. Mrs. Stefanski at the preliminary examination indicated it took place at the police station, but was unable at trial to recall its location.

fied by Mrs. Stefanski, and rearrested. Defendant was represented by counsel at this lineup. Mrs. Stefanski subsequently made an in-court identification of defendant.

Three issues are raised on appeal, only one of which merits discussion. Defendant questions, for the first time on appeal (no objection being made before or during trial), the propriety of the pretrial photographic identification; specifically defendant's failure to be represented by counsel during said proceeding. At the outset it must be noted that counsel's failure to object at trial to a pretrial identification procedure does not preclude appellate review of an alleged violation of a constitutional right. *People* v *Schumacher,* 29 Mich App 594 (1971); *People* v *Hartwick,* 8 Mich App 193 (1967). Addressing ourselves to the question of an accused's right to counsel during a pretrial photographic identification, we find the problem not an entirely foreign one to this Court. In 2 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 582 (1971 Cum Supp), p 45, it is stated:

"The constitutional right of the defendant to the presence of counsel at all critical stages of the pretrial proceedings includes a right to counsel at the 'identification parade' or lineup and at photographic identification."[5]

In *People* v *Rowell,* 14 Mich App 190, 198 (1968), one of the judges in his concurring opinion said:

"The photographic identification stage is as critical as the lineup stage, perhaps more so. The danger of misidentification at the photographic identification stage is as great, perhaps greater. Just

---

[5] Citing as authority *People* v *Adams,* 19 Mich App 131 (1969). See also *United States* v *Zeiler,* 427 F2d 1305 (CA 3, 1970); *United States* v *Marson,* 408 F2d 644 (CA 4, 1968) (Winter, J., dissenting), *cert den,* 393 US 1056; 89 S Ct 695; 21 L Ed 2d 698 (1969).

as the facts and circumstances of a lineup identification cannot be readily reconstructed at trial (*United States v Wade,* 388 US 218, 230–232; 87 S Ct 1926, 1934–1935; 18 L Ed 2d 1149, 1159–1160 [1967]; and *Gilbert v California,* 388 US 263; 87 S Ct 1951; 18 L Ed 2d 1178 [1967]), so too the facts and circumstances of a photographic identification preceding the lineup cannot later be readily reconstructed."

Again, this Court in a footnote to *People v Robert Thomas,* 36 Mich App 190, 193 (1971), cited *United States v Zeiler,* 427 F2d 1305, 1307 (CA 3, 1970), as holding "that the rule of the *Wade* case [guaranteeing the right of counsel at a lineup] applies to pretrial photographic identifications of an accused who is in custody".[6]

In light of the preceding authority, we hold that an accused being held in custody is entitled to be represented by counsel at any photographic identification proceeding. However, when the accused is not in custody a different situation is presented. The above-cited decisions, which have afforded a defendant the right to counsel at such a proceeding, have limited this right to situations where the accused is in custody at the time. There is good reason for the distinction. Initial identification by photograph has been widely and effectively used in law enforcement. The display of photographs has proven to be a valuable tool in apprehending offenders while at the same time "sparing innocent suspects the ignominy of arrest by allowing eyewitnesses to exonerate them through scrutiny of pho-

---

[6] It must be noted that in the *per curiam* opinion of *People v Wilkins,* 36 Mich App 143 (1971) in which this author participated, this Court indicated that the great weight of authority holds that *Wade* and *Gilbert v California* do not apply to photographic identifications citing *Allen v Rhay,* 431 F2d 1160 (CA 9, 1970). Upon a re-examination of authority (as cited in this opinion), we feel constrained to depart from this view and any implications to that effect in *Wilkins.*

tographs". *Simmons* v *United States,* 390 US 377;
88 S Ct 967; 19 L Ed 2d 1247 (1968). Properly con-
ducted precustody photographic identifications are
both necessary and desirable and should not be dis-
couraged.

However, just as our Court has recognized situa-
tions under the concept of "custodial interrogations"
when an accused is entitled to his *Miranda* warnings
though not technically under arrest, likewise, we
cannot exclude the possibility that under unusual
circumstances a suspect may have a right to counsel
during a pretrial photographic identification though
at the time he is not in custody. In *People* v *Adams,*
19 Mich App 131 (1969), the Court, in indicating
that the pretrial photographic identification stage
is as critical as the lineup stage, goes on to suggest
that *one upon whom an investigation has focused*
is entitled to be represented by counsel at the time
photographs are exhibited. Again, our Court in
*People* v *Hutton,* 21 Mich App 312 (1970), in dis-
cussing the dividing line between those pretrial
identifications which do and do not require the pres-
ence of counsel, expressed its agreement with the
following views of Judge Friendly in *United States*
v *Davis,* 399 F2d 948, 952 (CA 2, 1968):

"A clue to the dividing line may be furnished by
the Court's repeated use of the term 'accused' and
its reference in *Wade,* 388 US at p 225; 87 S Ct
1926; 18 L Ed 2d 1149, to *Escobedo* v *Illinois,* 378
US 478; 84 S Ct 1758; 12 L Ed 2d 977 (1964). We
have particularly in mind the passage in that opin-
ion, 378 US at pp 485–486; 84 S Ct at p 1762; 12 L
Ed 2d 983:

"'[*T*]*he investigation had ceased to be a general
investigation of "an unsolved crime"* * * * .'"

Turning to the photographic display in the present
case, we are of the opinion that this was no longer

an in-the-field identification. Its purpose was to build a case against the defendant by eliciting identification evidence, not to extinguish a case against an innocent bystander. The police had already arrested the defendant. He was already provided with counsel at the lineups which took place on September 13th. Though at the time of the photographic display he was not in custody, his car had been retained. The photographic identification took place shortly after the defendant was released. Though defendant was set free, the police apparently still felt he was their man. We cannot allow the defendant to be stripped of his right to counsel during the photographic display by the mere fact that he had been released immediately prior to it. For these reasons we feel constrained to hold that in this particular situation defendant was entitled to be represented by counsel at the photographic identification even though he was not in custody at the time.

Although defense counsel did not ask for an evidentiary hearing on the question of whether the lineup and in-court identification by Mrs. Stefanski was tainted by the alleged illegal photographic identification, we are satisfied that defendant is entitled to such a separate hearing.[7] If the trial court determines that said lineup was tainted but the in-court identification was of independent origin, defendant's conviction should stand affirmed. If he finds to the contrary, then a new trial is in order free of all evidence of said tainted proceedings.

Defendant's other allegations of error have been considered and from this record we determine there is no reversible error on the points raised.

Remanded for proceedings consistent herewith.

All concurred.

---

[7] See *People* v *Robert Thomas*, 36 Mich App 190 (1971); *People* v *Schumacher*, 384 Mich 831 (1971); *People* v *Hutton*, 21 Mich App 312 (1970).