PEOPLE v DANIELS

1. CRIMINAL LAW—LINEUPS—RIGHT TO COUNSEL—WAIVER.

A finding that defendant had voluntarily and intelligently waived his right to counsel at a lineup was proper where a detective testified that he had read defendant a statement explaining the right to have counsel at the lineup and that defendant stated that he did not wish counsel and the signed statement was introduced into evidence.

2. CRIMINAL LAW—LINEUPS—RIGHT TO COUNSEL—WAIVER—IN-COURT IDENTIFICATION.

A prosecutor does not have to establish that an independent basis exists for an in-court identification, even though the defendant had been viewed by the witness in a lineup when the defendant did not have counsel, where the defendant voluntarily waived his right to counsel at the lineup.

3. CRIMINAL LAW—LINEUPS—RIGHT TO COUNSEL.

Testimony of a prosecution witness's identification of defendant as an armed robber was properly admitted even though the witness had previously viewed the defendant at a lineup when defendant was not represented by counsel where the defendant voluntarily and intelligently waived his right to counsel at the lineup.

Appeal from Ingham, Jack W. Warren, J. Submitted Division 2 December 9, 1971, at Lansing. (Docket No. 11546.) Decided February 29, 1972.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 316, 317.
Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.
[2, 3] 21 Am Jur 2d, Criminal Law §§ 316, 317, 368.

Chris Daniels was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Raymond L. Scodeller,* Prosecuting Attorney, and *James R. Ramsey,* Assistant Prosecuting Attorney.

*Barry D. Boughton,* for defendant on appeal.

Before: McGregor, P. J., and Bronson and Targonski,* JJ.

Per Curiam. Defendant was convicted by a jury of armed robbery. MCLA 750.529; MSA 28.797. Prior to the trial, the trial court conducted a *Wade* hearing to determine the admissibility of the identifications of defendant by three eyewitnesses to the robbery who identified defendant at a prior police lineup. In determining that the lineup and in-court identifications were admissible, the trial court found that under *United States* v *Wade,* 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967), defendant had no absolute right to refuse to participate in the lineup, that defendant was advised of his right to assistance of counsel at the lineup, and that defendant wilfully, knowingly, and intelligently waived his right to such assistance of counsel at the lineup. Defendant now appeals.

The Sixth Amendment right to counsel requires that, absent an intelligent waiver, an accused is entitled to a right to counsel at a police lineup. *United States* v *Wade, supra.* "Once a claim of illegal identification is raised the court must hold an evidentiary hearing outside the presence of the jury to determine the merits of the claim." *People* v

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

*Edmonds,* 32 Mich App 172 (1971). See also, *People* v *Hutton,* 21 Mich App 312 (1970); *People* v *Childers,* 20 Mich App 639 (1969). But, this Court will reverse the trial court's finding of fact only when clearly erroneous. *Department of Public Health* v *Tompkins,* 34 Mich App 114 (1971); *People* v *Thomas,* 34 Mich App 30 (1971); *People* v *Doris White,* 2 Mich App 104 (1965). Upon examination of the record, we find no merit in defendant's claim that the prosecution did not prove by clear and convincing evidence that defendant voluntarily, knowingly, and intelligently waived his right to assistance of counsel at the police lineup. There is testimony by Detective Glassford that he read defendant a statement explaining the right to have counsel of his own choice or at public expense present at the lineup proceedings and that defendant stated he wished to proceed without counsel. This signed statement was introduced into evidence. See *People* v *Smith,* 32 Mich App 232 (1971). Inasmuch as there was substantial evidence presented that defendant waived his right to counsel at the lineup, the trial court at the conclusion of the *Wade* hearing, despite the absence of explicit language to that effect, did properly hold that defendant had waived his right to assistance of counsel at the lineup.

Further, in *People* v *Childers, supra,* this Court held that an illegal lineup did not necessarily preclude an in-court identification:

"Not all evidence bearing on the identity of the perpetrator of the crime is rendered inadmissible by this *per se* exclusionary rule, however. An in-court identification may still be made if, but only if, the prosecution is able to 'establish by clear and convincing evidence that the in-court identification [is based] upon observation of the suspect other than the lineup identification.' *Wade,* 388 US at 240." 20 Mich App at 647.

But, under *United States* v *Wade, supra,* the exclusionary rule only applies after an illegal confrontation such as where the accused is denied his right to assistance of counsel at the lineup *absent* an intelligent waiver of that right. Insofar as defendant voluntarily, knowingly, and intelligently waived his right to assistance of counsel at the lineup, there was no illegal confrontation, and consequently, there was no obligation upon the prosecution to establish an independent origin of the in-court identifications other than the lineup identification.

Affimed.