## PEOPLE v PINETTE

1. ARREST—WITHOUT WARRANT—REASONABLE CAUSE—SEARCHES AND SEIZURES.

The police had reasonable cause to arrest without a warrant where defendant (1) matched the physical description of a robber, (2) was wearing shoes resembling a pair taken in the robbery, and (3) was already in custody for another robbery with a similar *modus operandi,* and, therefore, were entitled to seize the shoes incident to the valid arrest.

2. SEARCHES AND SEIZURES—INCIDENT TO ARREST—EXIGENT CIRCUMSTANCES.

Exigent circumstances are not required as a prerequisite for a limited search of the area within a defendant's immediate control for fruits and evidence of crime if the search is incident to a valid arrest.

3. SEARCHES AND SEIZURES—INCIDENT TO ARREST—"TIMED" ARREST.

The sequence of events did not indicate a purposely "timed" arrest by police in order to seize specific evidence without a warrant where police learned of defendant's whereabouts and existence of the evidence at the same time, and proceeded to arrest the defendant and seize the evidence without delay.

4. SEARCHES AND SEIZURES—INCIDENT TO ARREST—ANTICIPATION OF SEIZURE.

Anticipation by police that a search without a warrant but incident to a lawful arrest will yield specific evidence does not require police to obtain a warrant authorizing such a search.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Arrest § 73.
[1, 2] 47 Am Jur, Searches and Seizures § 19.
Right of search and seizure incident to lawful arrest, without a search warrant, 51 ALR 424.
[3] 5 Am Jur 2d, Arrest §§ 3, 22 *et seq.*
[4] 5 Am Jur 2d, Arrest § 22 *et seq.*
[5] 21 Am Jur 2d, Criminal Law § 313.
Accused's right to counsel under Federal Constitution, 84 L Ed 383; 93 L Ed 137; 2 L Ed 2d 1644; 9 L Ed 2d 1260; 18 L Ed 2d 1420.

5. CRIMINAL LAW—CONSTITUTIONAL LAW—RIGHT TO COUNSEL—LINE-UPS—PHOTOGRAPHIC SHOWUPS.

> An accused is not entitled to the benefit of counsel at a photographic showup or lineup where such identification proceeding takes place prior to the formal filing of charges against the accused.

Appeal from Recorder's Court of Detroit, Thomas L. Poindexter, J. Submitted Division 1 June 6, 1972, at Detroit. (Docket No. 10654.) Decided July 31, 1972. Leave to appeal granted, 389 Mich 803.

William H. Pinette was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Patricia J. Boyle,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, and *Daniel S. Seikaly,* and *Michael C. Moran,* Assistant Defenders, for defendant (Charles Harris, on the brief, acting under GCR 1963, 921).

Before: J. H. GILLIS, P. J., and McGREGOR and BORRADAILE,* JJ.

J. H. GILLIS, P. J. Defendant appeals as of right his jury-based conviction of armed robbery, contrary to MCLA 750.529; MSA 28.797.

On December 31, 1969, a man entered a shoe store, selected three pairs of shoes, then robbed the owner at gunpoint, taking money and the

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

shoes. He drove away in a car he had stolen at gunpoint several hours before.

Two weeks later, defendant was arrested in Roseville for stealing a car at gunpoint. His description and *modus operandi* were routinely sent to neighboring police departments. Detroit police detectives, upon realizing that such information closely resembled the description and *modus operandi* of the man wanted for the auto and shoe-store robberies, contacted the Roseville police. Upon learning defendant was wearing shoes closely resembling a pair taken in the robbery, they proceeded almost immediately to the Roseville police station. Whereupon, after interviewing the defendant and observing him and his shoes, they placed him under arrest, seizing the shoes. At trial, defendant objected to the admission of the shoes, claiming they had been seized illegally, no warrant having been obtained.

"It is contemplated that ordinarily search and seizure will follow the issuance of a proper search warrant upon a showing of probable cause. However, the Constitutions do not prohibit all warrantless searches. Where a warrant has not been obtained, the validity of the search depends on the law's appraisal of the reasonableness of the search, only unreasonable warrantless searches and seizures being barred." *People v McDonald,* 13 Mich App 226, 232 (1968).

In determining whether the admission of the shoes can be justified on the basis of a search incident to a lawful arrest, the threshold question is whether the Detroit police officers had reasonable cause to arrest the defendant, pursuant to the authority granted in MCLA 764.15; MSA 28.874. We hold that the circumstances herein which were known to the officers were sufficient to constitute

reasonable cause,[1] to-wit: (1) the defendant matched the physical description of the robber; (2) the shoes he was wearing matched a pair taken in the robbery; and (3) his *modus operandi* in both car thefts was similar. Since the arrest was valid, the officers were entitled to conduct a limited search of the area within defendant's immediate control for fruits and evidence of the crime. *People v Major,* 34 Mich App 405, 411 (1971); *People v Panknin,* 4 Mich App 19, 28 (1966). Defendant would have us restrict the scope of searches incident to a lawful arrest by adding a requirement that there be exigent circumstances before such a search can be made. We have examined the authorities cited by defendant, and do not find that they establish any such restriction.

Defendant further argues that the search was unlawful because the officers anticipated seizing the shoes before they made the arrest, and should not be allowed to bypass the warrant requirement by thus "timing" their arrest.

The sequence of events in the instant case does not indicate that the officers "timed" their arrest in order to seize the shoes. They learned of the existence of the evidence at the same time that they learned of defendant's whereabouts, and proceeded without delay to arrest him and to seize his shoes. While it is true that, having received a description of the shoes, the officers anticipated seizing them, it does not follow that they planned their arrest in order to make a warrantless seizure of the shoes. Defendant's assertion was met most

---

[1] Defendant cites *People v Trudeau,* 385 Mich 276 (1971), as requiring reversal in this case. While both cases involved the warrantless seizing of a defendant's shoes while he was in custody on another offense, the *Trudeau* Court found that the officer was acting on mere suspicion in making the arrest, and not, as here, incident to a lawful arrest based upon reasonable cause.

recently by the United States Supreme Court in *Coolidge v New Hampshire,* 403 US 443, 482; 91 S Ct 2022, 2046; 29 L Ed 2d 564, 592 (1971):

"To begin with, in *Chimel v California, supra* [395 US 752; 89 S Ct 2034; 23 L Ed 2d 685 (1969)], we held that a search of the person of an arrestee and of the area under his immediate control could be carried out without a warrant. We did not indicate there, and do not suggest here, that the police must obtain a warrant if they *anticipate* that they will find specific evidence during the course of such a search." (Emphasis supplied.)

Defendant also asserts that in light of the recent decision of *People v Cotton,* 38 Mich App 763 (1972), it was reversible error for the trial judge to permit the introduction of photographic identification testimony, defendant being in custody and not represented by counsel during the photographic showup. In *Cotton, supra,* p 768, this Court held that:

"An accused being held in custody is entitled to be represented by counsel at any photographic identification proceeding."

However, since the writing of that opinion, the United States Supreme Court, in *Kirby v Illinois,* 406 US 682; 92 S Ct 1877; 32 L Ed 2d 411 (1972), held that the *Wade-Gilbert* [2] rule of right to counsel does not apply to pre-indictment lineups. The majority opinion sees the formal filing of charges, whether by preliminary hearing, indictment, information, or arraignment, as the cutoff point in the right to counsel. Although not compelled by *Kirby,*

[2] *United States v Wade,* 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967), and *Gilbert v California,* 388 US 263; 87 S Ct 1951; 18 L Ed 2d 1178 (1967).

*supra,* to apply this rule to the State of Michigan, we likewise hold that where a photographic identification or lineup takes place prior to the formal filing of charges, as was the situation in the case now before us,[3] an accused is not entitled to the benefit of counsel at said proceedings. The *Cotton* decision, *supra,* is accordingly modified to that extent.

Affirmed.

All concurred.

---

[3] The photographic identification in this case took place on January 13, 1970, while the warrant was not issued until January 14, 1970.