PEOPLE v GREEN

CRIMINAL LAW—PHOTOGRAPHIC IDENTIFICATION—RIGHT TO COUNSEL—
IN-COURT IDENTIFICATION—HARMLESS ERROR.

The Court of Appeals declines to decide whether it was error to conduct a photographic identification proceeding in the absence of the defendant's attorney in a case where the error would be harmless, even if error were assumed, because three witnesses had made in-court identifications of defendant and one, and very possibly two of those in-court identifications were independent of the pretrial photographic showing.

Appeal from Genesee, Ollie B. Bivins, Jr., J. Submitted Division 2 December 12, 1973, at Lansing. (Docket No. 16103.) Decided January 17, 1974.

Lonelle Green was convicted of larceny in a building. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*James W. Lang,* for the defendant.

Before: J. H. GILLIS, P. J., and R. B. BURNS R. H. CAMPBELL,* JJ.

PER CURIAM. Defendant appeals from a jury conviction of larceny in a building, MCLA 750.360;

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 368, 369.
* Circuit judge, sitting on the Court of Appeals by assignment.

MSA 28.592, and from a denial of his motion for a new trial.

Defendant's sole contention is that it was improper for the prosecution to conduct a pretrial photographic identification proceeding at which he was not represented by counsel. He says this entitles him to a new trial or, in the alternative, a separate evidentiary hearing to determine whether the in-court identification was of independent origin. The photographic display occurred three days after defendant's arrest, but three weeks before formal filing of charges. Defendant was in custody at the time.

At present there is considerable confusion in Michigan over the answer to the question raised here. In People v Cotton, 38 Mich App 763; 197 NW2d 90 (1972), this Court held that an accused is entitled to representation by counsel at any photographic identification proceeding. Cotton, decided before Kirby v Illinois, 406 US 682; 92 S Ct 1877; 32 L Ed 2d 411 (1972)[1], was severely limited in People v Pinette, 42 Mich App 250; 201 NW2d 692 (1972), leave granted, 389 Mich 802 (1973). The Court, while acknowledging it was not compelled to follow Kirby, applied it to deny an accused the right to counsel at a photographic display occurring prior to the formal filing of charges.[2] Our Supreme Court in its post-Kirby decision of People v Anderson, 389 Mich 155; 205 NW2d 461 (1973),

[1] In Kirby v Illinois, 406 US 682; 92 S Ct 1877; 32 L Ed 2d 411 (1972), the Supreme Court refused to extend the per se exclusionary rule of United States v Wade, 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967), and Gilbert v California, 388 US 263; 87 S Ct 1951; 18 L Ed 2d 1178 (1967), to identification testimony based on a corporeal lineup that had taken place before the defendant had been indicted or otherwise formally charged.

[2] People v Pinette, 42 Mich App 250; 201 NW2d 692 (1972), was appealed to the Michigan Supreme Court, but it was remanded to the trial court with no disposition of this issue. People v Pinette, 390 Mich 796 (1973).

chose to follow the reasoning of *Cotton, supra,* rather than that of *Pinette, supra.* The latest chapter in this unfolding drama was written by the United States Supreme Court in *United States v Ash,* 413 US 300; 93 S Ct 2568; 37 L Ed 2d 619 (1973). Speaking through Mr. Justice Blackmun, the Court ruled that:

"[t]he Sixth Amendment does not grant the right to counsel at photographic displays conducted by the Government for the purpose of allowing a witness to attempt an identification of the offender." 413 US 321; 93 S Ct 2579; 37 L Ed 2d 633.

Since Michigan is free to establish a stricter standard than that of the United States Supreme Court, *Ash* does not resolve our dilemma. Only our Supreme Court can do this. We await their answer to this important question.

It is not necessary for us to grapple with this problem here. Even if we assume it was error to conduct the photographic identification proceeding in the absence of defendant's attorney, the error would be harmless. *People v Willis,* 46 Mich App 436; 208 NW2d 204 (1973); *People v Fowler,* 46 Mich App 237; 208 NW2d 41 (1973). Three witnesses made in-court identifications of defendant. One testified that she had not been shown photographs prior to trial, one was not questioned regarding photographs and one testified that she had identified him at the pretrial photographic display. Thus, one, and very possibly two, of the in-court identifications were independent of the pretrial photographic showing.

Defendant's conviction is affirmed.